JAMES BELL v. TOWN OF CLARION, Appellant.

Contributory Negligence: CROSSING STREET. An instruction governing the conduct of decedent in crossing a street at a place other than a crossing, and stepping on a board in order to get on the sidewalk, stating that if decedent, as a reasonably prudent person, had a right to expect the board to bear her weight, she was not negligent, was correct.

NOT NEGLIGENT PER SE. Crossing a street and going onto the sidewalk at a place other than a crossing is not negligence *per se.*

INSTRUCTIONS: *Consistency.* Plaintiff's decedent crossed a street at a place other than a crossing, and was injured in stepping on a board to get on the sidewalk. The court instructed the

jury to find for plaintiff if decedent knew the walk was loose, and crossed the street where she did in order to avoid passing over it. A second instruction stated that if decedent, as a reasonably prudent person, had a right to expect the board to bear her weight, she was not negligent. *Held*, that the portion of the walk which the jury must have found by the first instruction plaintiff knew to be unsafe was that part only which she sought to escape by crossing where she did. Therefore the giving of such instruction did not make the giving of the second instruction error.

*Instructions and evidence.* Plaintiff having testified that in crossing the street as was done he and decedent expected to avoid the defective portion of the walk, there was evidence to sustain the giving of the first instruction.

*Appeal from Wright District Court.*—HON. S. M. WEAVER, Judge.

### FRIDAY, JANUARY 24, 1902.

ACTION to recover for personal injuries inflicted upon the wife of plaintiff by reason of a defective walk in defendant town. There was a jury trial, which resulted in a verdict for plaintiff, upon which judgment was rendered. Defendant appeals.—*Affirmed.*

*Nagle & Nagle* for appellant.

*Peterson & Humphrey* and *W. D. Evans* for appellee.

WATERMAN, J.—I. Both parties appealed, but, as defendant was first to complete such action, it must, under our practice, be denominated the appellant. Furthermore, we think defendant's motion to dismiss plaintiff's appeal is well taken, because of a failure to comply with the requirements of rule 28 of this court. Plaintiff sues as husband to recover damages suffered by him through an injury to his wife. An action by the wife, based upon the same facts, has been before this court. The facts were fully stated

in the opinion of this court disposing of the case on the former appeal (113 Iowa, 126), and they need not be again set out.

II. The first argument presented by appellant is predicated upon the thought that decedent was necessarily guilty of negligence in going upon the street at a place other than a street crossing and stepping upon the end of the board when she sought to get upon the walk.

On the former appeal we held it not negligence *per se* for deceased to cross the street where she did. That holding is the law of the case, and we may very properly say the doctrine thus announced is sustained by authority. *Finnegan v. City of Sioux City,* 112 Iowa, 232, and cases cited. The cases from this court relied upon by appellant in this connection are all distinguishable from the one at bar. In each of them the party was hurt by some defect in the street. Here the injury was received on the sidewalk, after the street had been safely crossed. Whether decedent was negligent in the manner in which she stepped onto the walk was, under the evidence, necessarily a question for the jury, and with their finding we cannot interfere.

III. It is next claimed there was error in the refusal of the trial court to give five instructions asked by defendant. The pivotal thought of each of these instructions is that it was negligence on the part of decedent to cross the street elsewhere than on a crossing. Our holding that this is not a correct statement of law as applied to this case is sufficient to sustain the action of the trial court in refusing to give these instructions.

IV. Instruction No. 11 given the jury is challenged. This paragraph stated the law governing the conduct of decedent in stepping on the end of the board in order to get upon the walk. The jury was told that if, as a reasonably prudent person, she had a right to expect the board to bear her weight when used as she attempted to use it, then she was not negligent. Surely, there

can be no doubt of the correctness of this proposition. But it is urged that in the next preceding instruction (No. 10) the court had left it open for the jury to find, and, to make plaintiff's case, compelled them to find, that decedent knew that the walk was loose, dilapidated, and unsafe, and because of such knowledge she crossed the street where she did in order to avoid passing over it. It is urged that if the jury, under the instruction, found that decedent knew the walk to be loose and unsafe, she was negligent, as matter of law, in thus going upon it. The portion of the walk which the jury, under instruction No. 10, must have found plaintiff knew to be unsafe, was that part only which she sought to escape by crossing the street where she did. In instruction No. 11 it is expressly said that to entitle her to recover she must, as a reasonably prudent person, have expected that the board upon which she stepped from the street would bear her weight.

V. Another contention of defendant is that there is no evidence to sustain instruction No. 10. This is clearly an oversight on the part of counsel, for plaintiff testifies that in crossing the street as was done he and his wife expected to escape passing over the defective portion of the walk.

VI. There was evidence to sustain the verdict, and, there being no error in the matters complained of, the judgment must stand AFFIRMED.

WEAVER, J., taking no part.