FRANK E. DUNN, Appellant, v. THE INCORPORATED CITY OF OELWEIN.

Municipal corporations: SIDEWALKS: DUTY TO REPAIR.   It is the duty of a city to exercise reasonable care to keep its sidewalks along a public thoroughfare in a safe condition for pedestrians to travel, regardless of whether there has been a formal dedication of such street to the city; and the question of whether

the sidewalk was constructed apparently for public travel along a street open and used for travel is one of fact.

**Same:** NEGLIGENCE. A city is negligent in maintaining a sidewalk 2 for public use which terminates three feet above the ground without guard or rail, so that one in the exercise of reasonable care while using the same after dark is liable to step from the walk to the ground.

**Same:** CONTRIBUTORY NEGLIGENCE: EVIDENCE. On the question of the 3 contributory negligence of one in stepping from the end of a sidewalk three feet above the ground the evidence is held to require submission of the issue.

*Appeal from Fayette District Court.*—HON. A. N. HOB- SON, Judge.

TUESDAY, DECEMBER 15, 1908.

ACTION to recover damages for personal injuries received in falling from a sidewalk alleged to have been maintained in an unsafe condition. At the conclusion of plaintiff's evidence the court on its own motion withdrew the case from the jury and entered a judgment for the defendant, and from this judgment plaintiff appeals.— *Reversed.*

*Loren Risk, E. J. O'Conner, W. C. Lewis,* and *Redmond & Stewart,* for appellant.

*John Jamison, Jay Cook,* and *Clements & Estey,* for appellee.

McCLAIN, J.—The allegation as to defendant's negligence and plaintiff's resulting injury was that while plaintiff was walking south along a plank sidewalk on the east side of Sixth Avenue East, a common thoroughfare between First and Second Streets East, in the defendant city, about half past three o'clock on the morning of the

28th day of October, 1906, it being very dark, and there being no street lights to lighten said street, and while plaintiff was using due care and caution, he stepped off the end of the sidewalk where it terminated at an elevation of more than three feet from the ground, and fell to the ground with such violence as to break the bones of his right leg.   It was also alleged that the sidewalk where plaintiff fell had been in a dangerous condition without guards or railings for more than a year.   There was evidence tending in general to support the allegations of plaintiff's petition, and the case should have gone to the jury, unless, as to some particular matter necessary for plaintiff to establish, there was no evidence which the court could properly submit to the jury.   The court assigned no grounds for its action in taking the case from the jury, and we shall discuss only such possible grounds as are suggested in appellee's argument.   The first of these is an alleged failure to show any duty on the part of the city to maintain a safe sidewalk at the place where the injury was received, and the second is a failure to show plaintiff's freedom from contributory negligence.

I.   It was alleged in the petition that Sixth Avenue East, between First and Second Streets East, in the defendant city, was a common thoroughfare, and that the

1. MUNICIPAL CORPORATIONS: sidewalks: duty to repair.

sidewalk in question was along the east side of said street in front of lot 8 of the block fronting on the east side thereof, and that said sidewalk terminated at the south line of said lot, and there was no walk in front of lot 7 of the same block lying south of said lot 8.   Over defendant's objection, witnesses for plaintiff were allowed to testify that there was a traveled road along that part of the street in question in front of lot 8, and that said street extended to the south line of lot 7—that is, to the south line of the next lot south of the point where plaintiff received his injury. From the cross-examination of these witnesses we infer

that Sixth Avenue does not extend south to the next cross-street, or at least that it is not traveled as far as to that street, but that it does extend northward for some distance. The contention for appellee is that there is no allegation or proof of a platted street accepted by the city in front of lot 8 above referred to, and that therefore the sidewalk in front of that lot was not a public walk which the defendant city was under any obligation to render safe for travel, and that parol evidence was not admissible to show that the street was public.

This contention, we think, is unsound. It is the duty of a city to exercise reasonable care in keeping safe the sidewalks along thoroughfares which are open and used as such, regardless of whether there has been a formal acceptance of the dedication of such thoroughfares to the city as streets. The question is one of fact, to wit, was the sidewalk, constructed apparently for public travel along a street or thoroughfare, in general use by the public—that is, open and used for travel? *Harrison v. Town of Ayrshire,* 123 Iowa, 528; *Kircher v. Town of Larchwood,* 120 Iowa, 578; *Brown v. Town of Chillicothe,* 122 Iowa, 640. Certainly it is not the duty of one who in the dark attempts to pass along a sidewalk apparently intended for public use to examine the city plat to see whether at that place there is a platted street which has been accepted by the city. Some regard must be had by the city to the safety of persons who are using its walks without opportunity of information as to whether the walk is constructed in a street which has been formally accepted for public use.

If the sidewalk was so constructed and maintained as to be apparently intended for public use, then without question the city was at fault in allowing it to terminate three feet above the ground without barriers or railings, so that one attempting to use such sidewalk in the dark was liable in the exercise

2. SAME: negligence.

of reasonable care to step inadvertently from the walk to the ground below, and incur the peril of a severe fall.

II.   As to freedom from contributory negligence, the plaintiff testified that he was in the exercise of reasonable care in passing along the walk, and that, by reason of the darkness of the morning and the absence of street lights, he was not aware of the termination of the walk until he stepped or fell therefrom to the ground, suffering a severe injury for which he seeks to recover damages.   This would be enough in itself to carry the case to the jury on this question, in the absence of any other evidence relating thereto.   But on the cross-examination of plaintiff as a witness counsel sought to show the improbability of his story as to the exercise of due care, and to appreciate the strength of counsel's contention in this respect it is necessary to go into some detail.   Plaintiff's testimony, which stood uncontradicted as to any material matter when the court took the case from the jury and rendered a judgment for defendant, was that about twenty minutes before four o'clock in the morning he left a hall in which he had been attending a reception of members of the local labor union to which he belonged and proceeded towards his home seven or eight blocks distant.   Proceeding east from the business part of the city in his usual course, he should have gone eastward along First Street and turned north at Fifth Avenue East, his residence being on the east side of that avenue, between First and Second Streets East.   Instead of doing so, he inadvertently turned north on Fourth Avenue—that is, one street further to the westward—and, discovering that he was not on the proper street, turned again to the eastward on Second Street, intending to go south on Fifth Avenue to his home.   Not noticing Fifth Avenue, however, he went two blocks eastward instead of one, and found himself at the crossing of Second Street and Sixth Avenue. Realizing the fact that he was not on the street on which

*3. Same: contributory negligence: evidence.*

he resided, he went diagonally southeast and came upon the sidewalk in front of lot 8, and going southward along this sidewalk he fell at the place where it terminated as already indicated. Witnesses who heard his cries found him helpless at the place where he fell, and this was about six o'clock in the morning. It appears, however, that plaintiff had been calling for help for some time, but no one responded, and there is nothing in the evidence to indicate that he had not been for a time unconscious. His injuries were so severe that they might well have produced unconsciousness.

However unsatisfactory may be plaintiff's account of his proceedings from the time of leaving the hall to the time of receiving the injury, we do not feel justified in saying that the trial court was authorized to wholly disregard his testimony that he was in the exercise of care at the time of the injury. There is no evidence whatever that he was intoxicated or otherwise incapable of exercising reasonable care, and there is a like absence of evidence from which the court could determine as a matter of law that exercising reasonable care plaintiff could have seen the danger at the end of the walk so as to have avoided his fall. He testified that the morning was cloudy, and that it was still too dark for him to see the danger. He says that he kept in the middle of the walk, and felt that he was safe in doing so. It does appear that at the corner of Fourth Avenue and Second Street he could see the pumping station about a block and a half away, but he speaks of that only as the means by which he was able to know then where he was, and he may have seen and recognized it by reason of lights. It further appears that, while the electric lights in the business portion of the city were kept burning until daylight, those in the residence portion, including the lights of Sixth Avenue, were extinguished at three o'clock. The indefinite character of the account which plaintiff gave of his actions and wander-

ings in search of his home between four o'clock in the morning and the time when he was found injured and helpless at about six o'clock might have been proper subject for comment to the jury in support of the claim that he did not establish by sufficient evidence his freedom from contributory negligence, but these circumstances were for the consideration of the jury, and did not, as we think, justify the court in holding, if that were the ground of his ruling, that there was no evidence tending to show freedom from contributory negligence on plaintiff's part.

Under the record we reach the conclusion that the court erred in taking the case from the jury and entering a judgment for the defendant.—*Reversed.*