MRS. B. M. GEER, Appellee, v. CITY OF DES MOINES, Appellant.

MUNICIPAL CORPORATIONS: Non-Negligent Defects—Elevated Obstructions.  While the maintenance of a slight *depression* in a sidewalk might be denominated non-negligence *per se*, yet the maintenance of an equally slight *elevation* in the sidewalk may present a jury question on the issue of negligence.  So held where a section of a cement walk had been *elevated* from one to three inches above the surrounding walk by the growth of a tree.

*Appeal from Polk District Court.*—C. A. DUDLEY, Judge.

MAY 20, 1918.

ACTION at law to recover damages for personal injury. Verdict and judgment for plaintiff. Defendant appeals.— *Affirmed.*

*H. W. Byers, Guy A. Miller,* and *Paul Hewitt,* for appellant.

*Parker & Riley,* for appellee.

WEAVER, J.—The city of Des Moines has constructed and maintains a cement sidewalk on the east side of West Eighteenth Street between College Avenue on the north and Clark Street on the south. This walk, the plaintiff alleges, was by the plaintiff negligently permitted to become and remain out of repair, in such manner that one section or block of the cement was lifted or raised several inches above the adjoining block or section, creating a defect or obstruction over which a person using the walk was liable to trip and stumble or fall. It is further alleged that this condition had continued a year or more, and had been expressly called to the attention of the city officers; and that plaintiff, while lawfully using the walk, and in the exercise of due care for her own safety, struck her foot against such obstruction, and was thereby caused to fall, breaking her thigh and inflicting upon her other painful and permanent injuries, for all of which she asks compensation in damages. The defendant denies the plaintiff's claim, and denies that it was in any manner negligent as charged. The evidence shows, without material conflict, that the cement walk, at the place in question, was about three feet wide; that a piece of it had been lifted above the general level or grade by the growth of a root of a tree standing near at hand, and that, on the evening in question, the plaintiff, accompanied by one or more friends, was passing along the walk, when she stumbled over this obstruction and fell, sustain-

ing an impacted fracture of her right femur, close to the head of the bone. The injury was of a painful character, and caused a permanent shortening of the limb. Her knee was also severely wrenched and bruised. There is some conflict in the testimony as to the height of the obstruction in the walk, caused by the lifting of the cement, the estimates varying from one inch to three inches. Others had stumbled over it and some had fallen there, and complaint of these conditions had been made to the city's sidewalk inspector. The defendant's evidence was confined to the matter of the height to which the cement block or section of the walk was raised above the adjoining section. At the close of the testimony, the defendant moved for a directed verdict in its favor, on the ground that the testimony was insufficient, as a matter of law, to support a verdict for the plaintiff. The motion was denied, and the jury found for plaintiff, assessing her recovery at $750.

In argument to this court, appellant's counsel rely solely upon the proposition that the defect in the sidewalk was of such slight and trivial character that the court should hold, as a matter of law, that the city is not chargeable with negligence in failing to remedy it. It is conceded that the evidence undoubtedly shows that there was a defect in the sidewalk; but counsel say it "was not such a defect that plaintiff can say that reasonable diligence or ordinary care would require that the defect be remedied so that the sidewalk be made perfectly level and without unevenness." It may well be admitted that the law does not require the city to maintain its streets and walks in a state of absolute perfection, or to keep them free from minute and trifling variations in their evenness of surface such as do not, in ordinary use, render them unsafe for travel by persons exercising reasonable care. Stated in other words, if the defect be so slight that injury therefrom to travelers exercising proper care is not reasonably to be anticipated,

then there is no actionable negligence. But, generally speaking, the duty of care on the part of the city is not dependent upon the mere question of the size or proportions of the defect complained of. Size and visibility are sometimes material considerations upon the question of constructive notice of its existence; but, notice being admitted or proved, a defect is not necessarily trivial because it is small. For example, a spike left protruding an inch or two from the surface of an otherwise sound and well constructed plank walk, presents a defect of very small physical proportions, but one from which injury and danger to pedestrians may clearly be apprehended; and if the city, having notice of such condition, fails to use diligence in remedying it, with the result that a traveler is injured, it would hardly be claimed that the smallness of such defect relieved the city from the charge of negligence. In the case at bar, there was evidence from which the jury could find that a section or block of the cement from which the walk was made had been lifted to a height of from one to three inches. That such an obstruction in an otherwise smooth walk is one against which a pedestrian is likely to stumble and fall is very manifest, and this is particularly true when the vision of the traveler is obscured by darkness, as is here shown to be the case. That such was the character of this obstruction is also shown by the fact that several others had stumbled and fallen over it. It cannot be said, as a matter of law, that the pedestrian is bound to keep his eyes glued to the walk on which he travels, or that he assumes the risk of every defect which close inspection of every footstep may reveal. His duty in the premises is reasonable care and caution, but he has the right to assume that the city has also used reasonable care and caution to see that the walk it has provided for the public use is free from traps and defects which render it dangerous. Bearing generally upon this discussion, see *Patterson v. City of Council Bluffs*, 91

Iowa 732; *Baxter v. City of Cedar Rapids,* 103 Iowa 599; *Rusch v. City of Dubuque,* 116 Iowa 403; and other cases in which these precedents have been followed. To hold that, as a matter of law, the admitted defect in the walk was not of such character as to charge the city with neg- ligence in failing to remedy it within a reasonable time after notice, actual or constructive, of its existence, would be to establish a precedent out of harmony with our adjudged cases, and inconsistent with the spirit of the statute which imposes upon cities and towns the duty to maintain their public ways free from nuisances and reasonably safe for their intended use. The appellant relies principally upon the recent case of *Johnson v. City of Ames,* 181 Iowa 65, but we do not regard it as controlling upon the facts now before us. In the *Johnson* case, the defect complained of was a slight depression in the surface of the walk; and, among other things, one of the important questions to be considered was that of constructive notice to the city. Con- cerning this, we said:

"It must have been a defect of such a character as, in view of its location and the use made of the walk, to attract the attention of the officers of the city and cause them, in the exercise of that degree of caution an ordinarily prudent person would exercise under like circumstances, to antici- pate danger therefrom to the pedestrian passing along the walk; and we are of opinion that the defect was not such as thus to put the city on its guard."

In so holding, the opinion draws a distinction between a slight depression and a slight elevation in a walk,—a difference which, within limits, may be of material con- sideration. In this case, there is no question raised as to the fact or sufficiency of notice if the obstruction was one which the city should have removed or remedied. The cited opinion does not negative the duty of the city to exercise reasonable care in the inspection and oversight of its walks,

or its duty to remove an obstruction which is manifestly a danger to pedestrians. Neither can it be construed as holding, as a matter of law, that the existence of an obstruction or stumbling block in a sidewalk is not a defect constituting actionable negligence on the part of the city simply because it is not more than two or three inches in height. On the contrary, the opinion in that case expressly recognized the authority of *Baxter v. City of Cedar Rapids*, 103 Iowa 599, where the defect shown was the lifting of the loose end of a plank at the junction of a street crossing with a sidewalk. On the trial of that case, the defendant, adopting the precise theory relied upon by appellant in the instant case, asked the court to instruct the jury that, if the crosswalk was only raised about two inches above the sidewalk, then it was reasonably safe and convenient for the public; and refusal of such instruction was assigned as error. We there recognized the fact that, in some other jurisdictions, the rule thus contended for had been adhered to, but we declined to follow it, and said:

"It may be that the conclusions reached in those cases were authorized by the facts upon which they were based, but we do not think it can be said, as a matter of law, that an obstruction in a sidewalk or street crossing two inches high cannot be such a defect that the city or town in which it exists may be liable for injuries which it causes. It is manifest that such an obstruction may easily cause most serious accidents to persons using the walk, even though they be free from negligence. Indeed, at times they may be much more dangerous than larger obstructions, because less readily discoverable. Whether an obstruction or other defect in a walk is of a character to make the municipality which permits it to exist responsible for it, does not necessarily depend upon the size of the defect, but upon the effects which may be reasonably apprehended from it upon persons who use the walk in a proper manner. These will

vary with the circumstances of different cases, and whether the municipality is liable for a defect in its streets or walks will, as a rule, be a question of fact, to be determined by the jury under the instruction of the court, and not a mere question of law, to be determined by the court alone. The evidence in this case authorized the jury to find that the defect in question was of a serious character, even though the plank which tripped the decedent was not more than two inches higher than the sidewalk, and the instruction under consideration was properly refused."

This statement of the law is so clear and comprehensive, and so fully meets and negatives the proposition for which appellant here contends, that little more need be said, unless we are to overrule that decision, and with it numerous others, in which we have adhered to the same doctrine. This we are not ready to do. It may be true that our statute and case law hold cities and towns to a stricter degree of liability than obtains in some states, but we think the rule cannot be said to be essentially unjust, or that it has not been productive of compensating benefits and advantages. It is a matter of common knowledge and observation that the improvement in the convenience and safety of public ways in the cities and towns of the state has been very marked; and in most municipalities, dilapidated, rough, and unsafe sidewalks, which were once exceedingly common, have very generally disappeared. No sound reason exists for relaxing the rules heretofore approved in cases of this kind. The case appears to have been fairly tried; the evidence supports the finding for plaintiff; and the damages awarded her are, in view of the severity of her injury, very moderate.

The judgment below is—*Affirmed.*

PRESTON, C. J., GAYNOR and STEVENS, JJ., concur.