Myron Hirst, Appellee, v. City of Missouri Valley, Appellant.

**MUNICIPAL CORPORATIONS:** Streets—Depression in Sidewalk as Negligence. Negligence may not be predicated on the act of a city in permitting a small portion of a public cement sidewalk to become *depressed* to the extent of some two or three inches below the normal level of the walk.

*Appeal from Harrison District Court.*—Earl Peters, Judge.

JUNE 23, 1922.

Action for personal injury caused to plaintiff by reason of an alleged defect in a sidewalk in the defendant city. Verdict for the plaintiff, and defendant appeals.—*Reversed.*

*Frank Tamisiea* and *J. S. Dewell,* for appellant.

*Robertson & Havens,* for appellee.

Faville, J.—Huron Street in the appellant city runs east and west. On the north side of said street is a cement sidewalk. Said street is intersected at right angles by an alley. At the junction of the street and alley there is a barn, abutting 16 feet on Huron Street. The sidewalk in question on the north

side of Huron Street is six feet wide. It is made of a double
row of cement blocks, each three by four feet. There is a small
crack between the north and south rows of blocks. Immediately
west of this row of cement blocks is the alley crossing, which is
also of cement. The four blocks of sidewalk lying immediately
south of the barn, at the time of the injury in question, were
all somewhat lower than the row of blocks on the south side of
the sidewalk. The latter appear from the evidence to be even
on the surface and level with the remaining portions of the
sidewalk and with the alley crossing. The four blocks on the
north side of the sidewalk are all depressed at the north end,
next to the barn. The evidence tends to show that the south end
of the four blocks in question is practically level with the south
row of blocks. The depression at the north end of these blocks
next to the barn is variously estimated by the witnesses as being
from two to five inches. The preponderance of the evidence,
however, indicates that said depression is approximately three
inches. It is the contention of the appellee that the two blocks
lying immediately adjacent to the alley crossing have broken or
crumbled along the west edge, next to the said crossing. It is
appellee's contention that this is in the nature of a wedge-shaped
piece that is broken or crumbled off; that next to the barn this
depression is eight or ten inches wide, and that it extends the
entire width of the sidewalk, being five or six inches wide at
the south edge. This depression is referred to as a "hole."
There is a very decided conflict in the evidence in regard to the
existence of this so-called "hole." The appellee himself is not
altogether clear regarding it, and witnesses for the appellant
emphatically deny that there is any such depression distinguish-
able from the general depression of all four blocks of the north
half of the walk. On the night in question, appellee had been
attending some exercises at a church which is located on Huron
Street, west of the sidewalk referred to. A severe hail and
rain storm came up in the evening, and appellee left his family
at the church, and proceeded eastward on Huron Street, to se-
cure his automobile, which had been left at a point farther east.
In passing over the place described, it is appellee's contention
that he fell upon the sidewalk and was thrown against the barn;

that, as a result of said fall, the appellee received a sprain of his left ankle.

I. At the close of the testimony, the appellant moved for a directed verdict, and among the grounds enumerated was one to the effect that the evidence failed to show that the appellant was guilty of negligence. The motion was overruled.

The case is strikingly similar to *Johnson v. City of Ames*, 181 Iowa 65, wherein we reviewed the authorities at length, in regard to alleged defects in a sidewalk of the same general characteristics as the defects in the instant case. The sidewalk in said case was constructed of cement blocks, about four feet square. There was a depression in said blocks, variously estimated as being from two to three and a half inches deep at the center of the square. It also might have been found from the record that the surface of the concrete was rough and broken and worn at the center. We said:

"That one has suffered injuries in traveling over the street does not, of itself alone, justify the inference that the street is negligently defective, nor that the pedestrian has been careless. Such injury may have been purely accidental, even though occasioned by some want of perfection in some portion of the highway, without fault of the traveler. Such may have been the situation in the case before us. In any event, we are persuaded that the proof was not such as to warrant a finding that it was due to any want of ordinary care on the part of the defendant. Had the sidewalk been made originally with such depression, the city could hardly have been thought negligent. When constructed, the walk was level, and the depression was occasioned by the action of the elements, or possibly the hand of man; and we seem not to have reached the time when even ordinarily prudent men are so vigilant as to anticipate every possibility of accident, though we seem to have come dangerously near declaring municipalities' insurers of the safety of pedestrians, and exacting perfection in the maintenance of the walks by cities. If the depression was rough, the respect in which it was rough was not disclosed, and if there were small pieces of concrete therein, they were not shown to be such as to render the way dangerous. Undoubtedly, the depression con-

stituted a defect in the walk, but that alone was not enough. It must have been a defect of such a character as, in view of its location and the use made of the walk, to attract the attention of the officers of the city, and cause them, in the exercise of that degree of caution an ordinarily prudent person would exercise under like circumstances, to anticipate danger therefrom to the pedestrian passing along the walk; and we are of opinion that the defect was not such as thus to put the city on its guard."

The foregoing is particularly pertinent to the situation in the instant case. The appellee contends that the two cases are distinguishable. The point of distinction insisted upon is that there is evidence in the instant case tending to show that there was a "hole" or depression on the west side of the sidewalk immediately adjacent to the alley, where it is contended the surface of the sidewalk had crumbled and broken away, and that this did not appear in the *Johnson* case. The appellee's contention is that, in passing over the sidewalk, he stepped the heel of his foot in this depression or so-called "hole," and that the ball of his foot was on the portion of the sidewalk about two inches higher, and that this caused the injury to his limb. Appellee insists that the existence of the "hole" or depression referred to obviates the rule recognized in the *Johnson* case. As before stated, the evidence in regard to the existence of any such alleged "hole" or depression, as distinguished from the general depression of the four cement blocks referred to, is in dispute. In his original claim, filed with the city council, appellee did not contend that his injury resulted from the existence of such a "hole." The engineer who examined the premises and made accurate measurements thereof denied the existence of any such "hole," as did other witnesses. But, granting appellee's contention in this regard, we have a situation where the appellee claims that the four blocks in the north half of the sidewalk, next to the barn, were all depressed at the north end, approximately three inches. It is his contention, also, that the two west blocks of the sidewalk immediately adjacent to the alley crossing had a "hole" or depression in them, extending the entire width of the sidewalk, which said depression was eight or ten inches wide at the north side of the walk and five

or six inches wide at the south side.  Granting, for the sake of the argument, that there is evidence from which the jury might have found that there was such a depression in the sidewalk, caused by a crumbling or breaking of the cement, we are confronted with the question as to whether this fact would remove the case from the rule announced in the *Johnson* case.  Appellee's contention is that he stepped with his foot partly on this depressed surface and partly on the adjacent higher surface of the sidewalk.  Exactly the same situation would have occurred, had he stepped near the edge of the east block of the four that were depressed, with a portion of his foot on the depressed block and the remainder of his foot on the adjacent block in the sidewalk that was not depressed.  In the *Johnson* case, we held that the fact that a cement block in a sidewalk is depressed two to three and a half inches would not constitute negligence on the part of the city.  The most favorable testimony in behalf of the appellee herein is to the effect that the depression now referred to is about eight or ten inches wide on the side next to the barn, and runs to five or six inches wide at the south side of the walk; that it is probably three to five inches deep next to the barn, and one and a half to two inches deep at the center of the walk.  The appellee says he was about the center of the walk when the injury occurred.  He therefore was injured by stepping in a depression one and one-half to two inches deep, near the center of the walk.  The same result exactly would have happened, whether the depression had been of the entire width of the cement block or whether it was only ten inches wide.  To overrule the *Johnson* case, we would be required to hold, in effect, that a depression of a block of cement in a sidewalk four feet square, to the depth of two and a half to three and a half inches, would not constitute negligence, but that the depression of a portion of said block, eight to ten inches wide at one end and five to six inches wide at the other, and of one and a half to two inches at the place of the injury, would constitute negligence.  We are not prepared to make such a differentiation.  What we have said in the *Johnson* case is applicable to the facts in the instant case.  Granting that there was a depression in a portion of the sidewalk immediately ad-

jacent to the alley crossing, of the character claimed by the appellee's witnesses, for the reasons fully set forth in the *John-son* case this would not constitute such negligence on the part of the city as to render it liable for the injury complained of.

The case is distinguishable from the case of *Geer v. City of Des Moines,* 183 Iowa 837, 839, wherein we reviewed the *Johnson* case and pointed out the distinction between an alleged defect in a sidewalk caused by an *elevation* and one caused by a *depression.* There is some suggestion in the evidence that the portion of the sidewalk referred to was rendered rough by the breaking or crumbling of the cement. There is, however, no claim that this condition in any way caused or contributed to the appellee's injury. His contention is that his injury was caused because of the depression, and the manner in which he stepped upon the sidewalk at this point, where his evidence shows the depression to be one and one-half to two inches.

Unless we are to overrule the *Johnson* case and our previous cases referred to and cited therein, there is no escape from the conclusion that the appellee failed to prove a case that entitled him to go to the jury on the question of the alleged negligence of the city.

It is unnecessary that we consider other questions urged by the appellant.

The case must be, and it is,—*Reversed.*

STEVENS, C. J., EVANS and ARTHUR, JJ., concur.