Wagner, J.
The defendant complains because of the overruling by the court of its motion for directed verdict, which was made at the close of plaintiff’s evidence, and renewed at the close .of all the evidence.
Only three propositions are presented for our determination. (1) Was the defect such as that the court could properly allow the jury to find negligence on the part of the defendant city! (2) Did the defendant city have constructive notice of said defect? (3) Was the plaintiff guilty of contributory negligence, as a matter of law?
The defective walk was constructed of cement; and was in front of a garage, near the Strand Theater, on the same side of the street. Said walk, in accordance with the manner in which cement walks are usually constructed, was divided into sections, or blocks, and was three sec- , . tions wide. The detect was m the middle section. One of the blocks in said section had cracked, akout two inches from the corner, the crack being irregular, in shape, and leaving a sort of triangular piece, *1111 with a rough and jagged edge, the same height as the block’ of cement between it and the building.' The portion of the block immediately- contiguous to said triangular piece’ thus broken off had sunk below the level of the remainder of the walk adjacent thereto. The plaintiff - testified from observation, in substance, that the adjacent block and said triangular piece were-two inches higher than the portion of block thus dépressed. " There is testimony for plaintiff, from actual measurements taken, that said distance was from 2 inches to 2*4 inches', while the defendant’s testimony of like character is that said distance is 1% inches. From the point of lowest depression, there was a gradual slope to a point between 2 and 3 feet therefrom, where the adjacent blocks of cement again became of equal height.
At the time of the accident, the plaintiff and her sister-in-law were walking side by side, the plaintiff being to the right. The plaintiff’s testimony is that, in walking, her right foot struck the point of lowest depression in the sunken block, adjacent to the aforesaid triangular piece broken therefrom. She testified that "I caught my foot in a protrusion of cement, and was thrown to the 'Cement sidewalk; that the three-cornered piece stuck up 2 inches, and it caught my toe as I went to make the step;” that, before she could get loose, it had wrenched her ankle.
. “I knew that I caught my foot on something-that oughtn’t to be there. Miy foot was sore even on the side, and my little -toe was bruised. * * * I knew I caught it in that place.- The blocks were rough and broken a little bit; and-this one in particular-; where I caught my foot. Q. Well, do you mean it was- broken off from where it had originally been ¶ A. Yes, it was rough,— not a whole lot, but some. The párt that stuck up, the one that stuck up mostly on the north * * *.it was rough, and it stuck up so I caught my whole toe.”’
It thus appears that it. is plaintiff’s claim that, in stepping into the depression with her right foot, the toe was caught by protruding cement from the triangular piece of the block from which the.sunken part of. said block had been broken, .and that this caused her to stumble and-fall. . ‘ ; .
As to whether or not the facts of this case as to negligence on the part of the city are such as to present a jury question, the *1112 defendant relies upon Johnson v. City of Ames, 181 Iowa 65, and Hirst v. City of Missouri Valley, 193 Iowa 1225. We held that the facts .in the latter case were strikingly similar to the facts in the former case.
Plaintiff relies upon Welsh v. City of Des Moines (Iowa), 170 N. W. 369 (not officially reported); Geer v. City of Des Moines, 183 Iowa 837; Bailey v. City of LeMars, 189 Iowa 751, in all of which the case of Johnson v. City of Ames is distinguished. In Welsh v. City of Des Moines, supra, we said:
“We cannot hold, however, as a matter of law, that a municipality may never be charged with negligence, in case of injury, by permitting elevations or depressions of iy2 to 2 inches in sidewalks to remain therein indefinitely, after notice,, actual or constructive, thereof. The question is one peculiarly for the jury, and whether or not such municipality in a given case has negligently permitted such defect to exist should be determined in the light of all the facts and circumstances surrounding the occurrence. This is in harmony with the prior holdings of this court. ’ ’
In Geer v. City of Des Moines, supra, we said of Johnson v. City of Ames, supra:
‘ ‘ The cited opinion does not negative the duty of the city to exercise reasonable care in the inspection and oversight of its walks, or its duty to remove an obstruction which is manifestly a danger to pedestrians. Neither can it be construed as holding, as a matter of law, that the existence of an obstruction or stumbling block in a sidewalk is not a defect constituting actionable negligence on the part of the city, simply because it is'not more than two or three finches in height. ’ ’
In Bailey v. City of LeMars, supra, where the. elevation in the sidewalk was only one inch, and the testimony disclosed that the edge of the elevated portion of the walk on which the plaintiff caught the heel of her shoe was jagged, we said that the same distinction which existed between Johnson v. City of Ames and Welsh v. City of Des Moines could be made, as applied to the facts in said case. We there said:
“In the instant case, it is not so much a question as to the *1113 depth of the hole, but is a question whether the hole was dangerous because of the condition of the jagged, overhanging edge, and the other circumstances. ’ ’
We think that the instant case is controlled by the cases relied upon by the appellee, and that the same distinction exists between this case and Johnson v. City of Ames, supra, as did in the aforesaid cases. In the instant. case, we have a depressed portion of the walk, 1%.inches to 2% inches lower than the next adjacent block of cement, and the same distance lower than -the triangular piece of the broken block, with the rough, and jagged edge, which, according to the testimony of the plaintiff, caught her toe, and caused her to stumble and fall. As said in Welsh v. City of Des Moines, supra:
“The defect complained of in the Johnson case was a depression of about 3 inches, into which plaintiff stepped, causing her to fall; but the edges were not abrupt, and plaintiff did not claim to have stubbed her toe, or' that there was any other cause of her falling than the depression,in the walk.”
This-case is clearly distinguishable from Johnson v. City of Ames, supra, and is controlled by the cases hereinbefore cited and relied upon by the appellee.
While the city is not . bound to maintain perfection in its sidewalks, it is bound to exercise reasonable care-.to maintain its walks in a reasonably safe condition. It is shown by the record that the defect complained of existed for a period of more than two years prior to the time of plaintiff’s injury. It was for the jury to say whether the officers of the defendant city,- with the. description of the place, as given .by the plaintiff, of the protruding cement on the rough and jagged edge of the triangular piece, resting 1% inches to WÁ inches above the .sunken, broken-off portion of the cement block, could reasonably have anticipated an injury to someone who was exercising due care, such as befell the plaintiff. In addition to the foregoing authorities, see Baxter v. City of Cedar Rapids, 103 Iowa 599; Patterson v. City of Council Bluffs, 91 Iowa 732.
*1114 *1113 Inasmuch as the defect existed for a period of two years prior to the time of plaintiff’s injury, it cannot be said that the *1114 defendant did not have constructive notice thereof. Baxter v. City of Cedar Rapids, supra; Hollenbeck v. City of Marshalltown, 62 Iowa 21; Montgomery v. City of Des Moines, 55 Iowa 101.
Was the plaintiff guilty of contributory negligence, as a matter of law? On this question, the defendant relies on Lundy v. City of Ames, 202 Iowa 100, and similar' cases. The plaintiff had not been over the' walk for the last couple of years, and therefore knew nothing as to the condition of the same. Thus it is manifest that such' cases as Lundy v. City of Ames, supra, Cratty v. City of Oskaloosa, 191 Iowa 282, and other similar cases, are not applicable in determining this qúestion. In thé instant case, the injury occurred on the 17th day of April, 1926, about 8:30 P. M. While it is shown that there were lights inside .of the garage, and also a street light not far from the place of the injury, yet the plaintiff testifies that she did not see the depression in the walk, nor the protruding slab that tripped her; that she was walking with care, and had plenty of time, was walking slowly, just about as she would anywhere else in town, paying attention to her surroundings, and talking with those with whom she was in company. The question of contributory negligence is ordinarily a question for the jury. All that is required to constitute due care is to exercise that caution which an ordinarily careful and prudent person would exercise under the sanie circumstances. She was not bound, at her peril, to discover the defect. Pedestrians,- intent on other matters, and looking out for their general course, with no prior knowledge Of the defect, usually act, as they are entitled to, on the presumption that the city-has-performed its duty in maintaining its walks iii a reasonably safe condition.
“It cannot be said, as a matter of law, that the pedestrian is bound to keep his eyes glued to thé walk on which he travels, or that he assumes the risk of every defect which close inspection of every.footstep may reveál. His duty in the premises is reasonable care and caution, but he has the right to. assume that the city has also used reasonable care and caution to see that the walk it has provided for thé public use is free from traps and defects which render it dangerous. ’ ’ Geer v. City of Des Moines, supra.
*1115 See, also, Baxter v. City of Cedar Rapids, supra; Owen v. City of Fort Dodge, 98 Iowa 281; Rusch v. City of Dubuque, 116 Iowa 402; Barnes v. Town of Marcus, 96 Iowa 675.
Thus it appears that there was no error on the part of. the trial court in overruling defendant’s motion for a directed verdict, and the judgment of the trial court is hereby affirmed.— Affirmed.. ■
Stevens, C. J., and D'e Grape, Albert, and Morling, JJ., concur.