WILLA CORBIN, Appellee, v. CITY OF DUBUQUE, Appellant. No. 39535.

APRIL 2, 1929.

*M. H. Czizek*, for appellant.

*John J. Kintzinger*, for appellee.

STEVENS, J.—First Street in the city of Dubuque lies east and west, and intersects and crosses Main Street. The walk on the south side of First Street and the street crossing to the  north are each 12 feet in width. Immediately west of the crossing, in the gutter adjacent to the south walk, is a manhole, covered with a heavy iron grating, the top of which is flush with the crossing and 7 inches below the surface of the south walk. The gutter is formed by a slight drop in the paving on First Street toward the south, and a decline toward the manhole of approximately 4 inches in 3 feet, for a distance of 12 feet west of the crossing. At the latter point, the elevation of the walk above the pavement is 8 inches. The street paving, which is brick, extends to the curb.

Appellee claims that she was injured between 8 and 9 o'clock P. M. on February 9, 1927, when she stepped off the south walk into the gutter. She testified that her foot slipped on the pavement in the gutter, causing her to fall in such a way as to fracture one leg and to thrust the other under the grating into the manhole. The space between the pavement in the gutter and the covering was open. The elevation of the sidewalk above the surface of the paving in the gutter immediately adjacent to the manhole was 17½ inches, and 3 feet farther west, 13½ inches. The slope from that point west was somewhat more gentle.

The allegations of negligence are somewhat obscure. The gutter is referred to as a hole or depression in the surface of the street adjoining the curb, and it is alleged in the petition that the street was defectively constructed and that appellee was negligent in building it with a hole or depression therein, and in failing to place a grating or other covering thereover for the protection of pedestrians. Appellee testified, in effect, that the cause of her falling was the steep decline in the pavement in the gutter; that she slipped and slid underneath the iron grating, as described. It is not claimed that the pavement in the gutter was not in good condition. It is the duty of cities and towns to construct and maintain their walks and streets in a manner

reasonably safe for the use of the public. *Krska v. Incorporated Town of Pocahontas*, 200 Iowa 594; *Nocks v. Incorporated Town of Whiting*, 126 Iowa 405; *Middleton v. City of Cedar Falls*, 173 Iowa 619; *Blackmore v. City of Council Bluffs*, 189 Iowa 157.

The duty thus imposed sometimes makes necessary the erection or placing of guards or rails, or the making of other appropriate provision to guard the safety of the public and to prevent pedestrians from falling into pitfalls and other dangerous places. *Dunn v. Incorporated City of Oelwein*, 140 Iowa 423; *Platts v. City of Ottumwa*, 148 Iowa 636; *Ely v. City of Des Moines*, 86 Iowa 55.

The right of pedestrians or travelers upon the walks or streets of municipalities to assume that the duty to construct and maintain them in a reasonably safe condition for use has been performed, which duty is conceded, is subject to the duty of such pedestrian or traveler to observe due and reasonable care for his own safety and to avoid injury. *Platts v. City of Ottumwa*, supra; *Robertson v. City of Waukon*, 138 Iowa 25.

Pedestrians are accorded the right to use the streets, and it is not, *per se*, negligence for them to step from the street onto the sidewalk, or vice versa. *Bell v. Incorporated Town of Clarion*, 113 Iowa 126; *Bell v. Town of Clarion*, 115 Iowa 357; *Dunn v. Incorporated City of Oelwein*, supra; *Rea v. City of Sioux City*, 127 Iowa 615.

Two major contentions are urged by appellant: namely, that no negligence on the part of the city is shown, and that appellee was herself guilty of negligence which caused her injury. No one would claim that municipalities are in any way restricted in their right to place and maintain manholes wherever reasonably necessary to facilitate the escape of surface waters from the streets thereof. The manhole in question was in the angle formed by the junction of the walk on the south side of First Street and the street crossing to the north. It was securely covered with a heavy iron grating. The open space beneath the grating was maintained for the purpose of permitting water and debris to pass into the manhole without causing obstruction which would back the water up on the street. No negligence is shown in either the manner of construction or maintenance of the manhole. Everyone at all familiar with the walks and streets of cities and towns knows that the elevation from the surface of

the street to the sidewalk varies greatly. The contour of the surface makes this unavoidable. The emphasis is placed by appellee in this case upon the decline or slope of the pavement in the gutter toward the manhole. As stated, it did not at any point exceed four inches in three feet. It is, of course, possible for one to slip on a brick pavement and to receive serious injuries, but that danger of doing so was appreciably increased by the slight decline of the pavement in the gutter is improbable. The right of appellant to construct the gutter in the manner and for the purpose stated must be conceded. It was both practicable and safe. The real question is: Was it of such a character as to make it the duty of the city to place some sort of a covering thereover? Municipalities have been held liable in this state for negligently permitting depressions to exist and remain in sidewalks into which a pedestrian, in the exercise of reasonable care, has stepped and been injured. *Geer v. City of Des Moines*, 183 Iowa 837; *Hearn v. City of Waterloo*, 185 Iowa 995; *Padelford v. City of Eagle Grove*, 117 Iowa 616. As bearing on this question, and somewhat narrowing the application of the rule, see *Frisk v. City of Des Moines*, 196 Iowa 606; *Geer v. City of Des Moines*, supra; *Hirst v. City of Missouri Valley*, 193 Iowa 1225; *Dalbey v. Town of Irwin*, 194 Iowa 1139.

According to the testimony of appellee, she alighted from the front seat of an automobile which stopped near the crossing and the pavement on the south side of First Street. She stepped  from the pavement onto the walk, and went directly into a restaurant immediately south thereof. She remained in the restaurant but a moment, when she returned, and, according to her testimony, stepped off the walk into the gutter, with the result stated. The street at this point was well lighted. Appellee does not claim to have looked, or given thought to the distance from the walk to the pavement when she stepped off. Had she looked, or used any care for her own safety, she could, and must, have readily seen the situation.

While, as stated, pedestrians and travelers upon the walks and streets of cities and towns have a right to assume that they are in a reasonably safe condition for travel, they do not have a right to assume that the elevation of the walk above the street is always convenient and absolutely safe. One stepping from a

walk at a place other than at a crossing is bound to take notice of, and observe, the distance therefrom to the street. He cannot go blindly from the sidewalk to the street at the place of his own choosing, without looking, or the exercise of reasonable care for his own safety, and hold the municipality for damages. Both the sidewalk and the pavement in the present instance were in good condition. It seems clear to us that the fall or decline in the surface of the pavement at the place where appellee claims to have fallen was not so great as to have charged the municipal authorities with notice that it was of a dangerous character, or as to have required them, at the time of its construction, to have reasonably anticipated that the safety of pedestrians or travelers would in any way be imperiled thereby. To adopt a rule that would impose the absolute duty upon cities and towns to provide steps or guards at every place along sidewalks where the elevation is too great for convenience in stepping therefrom to the street, would be to place an unwarranted burden upon them. The public, in the use of streets and sidewalks, must exercise a reasonable degree of care for its own safety and protection.

Testimony was introduced, tending to show that appellee was injured by falling on the pavement when in the act of alighting from the automobile, and that she thereafter stated that she intended to hold the city responsible. Appellee weighed 230 pounds, and, no doubt, she fell upon the pavement with great force, and her injuries were severe. She could not, however, in the position she describes, have slid toward the manhole because of a decline therein.

We are, of course, familiar with the rule that, ordinarily, the question as to whether a municipality is liable because of injuries claimed to have resulted from an alleged defect in a walk or street is one of fact, to be determined by the jury. We are clear that no such question of fact is involved in this case, and the motion of the defendant for a directed verdict should have been sustained.—*Reversed.*

ALBERT, C. J., and DE GRAFF, MORLING, and WAGNER, JJ., concur.