58  233
85  351

BEAZAN v. THE INCORPORATED TOWN OF MASON CITY.

1. **Damages:** EVIDENCE: JUDGMENT. A judgment will not be reversed when the evidence, although conflicting, does not warrant the conclusion that the jury were governed by passion or predjudice.

2. **Incorporated Towns:** SIDEWALKS: DUTY TO MAINTAIN. An incorporated town, the same as a city, is bound to exercise ordinary care and diligence in constructing and maintaining the sidewalks, over which it has assumed control, in a reasonably safe condition.

3. ———: ———: INSTRUCTIONS. All the instructions should be considered together, for the purpose of determining the correctness of any part of the charge.

*Appeal from Cerro Gordo Circuit Court.*

SATURDAY, APRIL 22.

THE petition states that defendant is a corporation and has control of the streets and sidewalks within the corporate limits; that the defendant permitted a certain sidewalk to become out of repair and negligently permitted it to so remain; that the plaintiff, while passing along the same, without negligence on her part, by reason of a defect in the sidewalk, was thrown or fell thereon, whereby she was greatly injured. There was a general denial. Trial by jury, verdict for the plaintiff for three hundred dollars and judgment therefor. The defendant appeals.

*Miller & Cleggit*, for appellant.

*Goodykoontz, Blythe & Wheeler*, for appellee.

SEEVERS, CH. J.—I.   The error assigned, which is most largely discussed by counsel, is that the verdict is not sus-

1. DAMAGES: evidence: judgment:

tained by the evidence. There was evidence tending to show the sidewalk was out of repair and that the plaintiff, while exercising proper care because of a defect in the sidewalk was thrown or fell thereon.   This does not seem to be so seriously questioned by counsel as that she was not injured.   It is urged the evidence of the plaintiff is contradicted by others and that it is false.   As to the latter we have to say the jury and the court below must have concluded otherwise.   This being so, we cannot say her evidence, as to the extent of her injuries, is so improbable on its face as to warrant us in saying the jury were governed by either passion or prejudice in concluding the plaintiff was worthy of belief.   Conceding the evidence was conflicting, we cannot for this reason reverse the judgment below.   This has been often ruled.

II.   The fourth instruction is as follows:   "The defendant

2. INCORPOR- ATED towns: sidewalks: duty to main- tain.

as a municipal corporation had the power, among others, to construct and maintain sidewalks along its streets; and in exercise of this power it was the duty of the defendant to exercise ordinary and reasonable care and diligence to see that its sidewalks were constructed and maitained in a reasonably safe condition for public travel, and a failure on the part of defendant to exercise ordinary and reasonable care and diligence in these respects would constitute negligence for which the defendant would be liable."

It is said by counsel for appellant that the defendant has the power to build and repair sidewalks, but that it is not bound to do so.   Therefore it must be shown it assumed control over the sidewalks before it can be held liable for defects therein.   Conceding this to be so, and that there is a dif-

ference between cities and towns, in this respect, the instruction is nevertheless correct, if there was evidence tending to show the defendant had assumed control of the sidewalks.

The sidewalk in question was along one of the principal streets of the town and the evidence tended to show, one Owen, an officer of defendant, repaired or caused it to be repaired. There was, therefore, at least some evidence upon which the instruction could be properly based. It is not material by whom the walk was constructed. *Barnes v. The Incorporated Town of Newton*, 46 Iowa, 567.

III. In the seventh instruction the jury were directed that the plaintiff must establish there was a defect in the sidewalk, which made it unsafe, and that defendant was 3. ——: ——: guilty of negligence in permitting it to remain in instructions. that condition, and in the eleventh instruction the jury were directed that the plaintiff would be entitled to recover for the injury sustained by reason of the negligence of the defendant in permitting the sidewalk to remain in an unsafe condition. It is urged this last instruction is erroneous, because it assumes the defendant was negligent. But the established rule is that all instructions should be read and considered together for the purpose of determining the correctness of any part of the charge. So doing it is apparent there is no error therein.

AFFIRMED.