SHANNON v. THE TOWN OF TAMA CITY.

1. Evidence : PRACTICE : POINT ALREADY ESTABLISHED. Where the interest of a witness in the result of a suit has been fully shown, it is not reversible error to exclude further testimony on that point.

2. Instructions : REPETITION NOT REQUIRED. It is not error to refuse an instruction asked when the substance of it is given in the charge of the court.

3. Cities and Towns : DEFECTIVE SIDEWALK : CONTROL OF WALK. In an action for an injury caused by a defective walk in the defendant town, an instruction to the effect that plaintiff could not recover unless he had shown that defendant had built the walk, or had assumed control of it, was properly refused ; as the law presumes that it had actual control of the walk in the performance of the duties imposed by statute.

*Appeal from Tama District Court.*—HON. L. G. KINNE, Judge.

FILED, MARCH 8, 1888.

ACTION to recover for injuries resulting from a fall while walking upon a sidewalk of a street, caused by the negligence of defendant in permitting it to be in an unsafe and dangerous condition. There was a judgment upon a verdict for plaintiff. Defendant appeals.

*O. H. Mills* and *Struble & Stiger*, for appellant.

No appearance for appellee.

BECK, J.—I.   A witness for plaintiff, who had taken care of him while suffering from the injuries, tes-

**1. EVIDENCE: practice: point already established.**

tified that she had a claim against him for such services.   Upon the cross-examination she was asked whether she knew any way of getting her pay except through this suit, and objection to the question made by plaintiff was sustained.   Of this ruling defendant now complains, and insists that the evidence sought to be elicited would have disclosed the interest of the witness in the result of the suit, and for that reason it was competent and pertinent.   It may be conceded that the evidence for this reason ought to have been admitted, but, as the witness in her testimony before given clearly admitted and showed her interest in the result of the suit, no prejudice resulted to defendant by the refusal of the court to permit further testimony on this point.

II.   The defendant asked the court to instruct the jury that if the defect in the walk was not obvious and

**2. INSTRUCTIONS: repetition not required.**

notorious, it was incumbent upon plaintiff to show that defendant had actual notice of the defect.   An instruction given on the court's own motion ( the sixth ) presents substantially the same rule.   It was not error to refuse its repetition.

III.   The defendant requested an instruction to the effect that plaintiff cannot recover unless he has shown

**3. CITIES and towns: defective sidewalk: control of walk.**

by the evidence that defendant built the sidewalk or had assumed control over it. The instruction was properly refused.   The defendant had control of its streets and sidewalks.   It could require sidewalks built by property owners or others to be properly constructed and to be kept in good repair.   The law presumes that it had actual control over the sidewalks, as the law imposed upon it the duty to take and exercise control thereof.

It was not, therefore, necessary to show that it had exercised actual control of the sidewalk, or that it had been built by defendant.    An instruction to that effect was, rightly given.

IV.    Counsel for defendant complain of instructions given to the jury upon the questions as to the duty of plaintiff to exercise care and the obligation of defendant to maintain safe sidewalks.    The objections made are hardly argued at all, being but little more than stated.    We think the instructions are correct.

V.    The verdict is not in conflict with the instructions, and is sufficiently supported by the evidence. The amount found for plaintiff is very moderate, and ought not to be the ground of complaint.

The judgment of the district court is

AFFIRMED.