M. M. PLATTS, Appellee, v. CITY OF OTTUMWA, Appellant.

**Municipal corporations:** SIDEWALK ACCIDENT: NEGLIGENCE: EVIDENCE. In an action for injuries received from an alleged defective sidewalk the question of the city's negligence, under conflicting evidence as to the condition of the walk, is for the jury.

**Same:** REPAIR OF WALKS: DUTY OF CITY: RIGHTS OF PEDESTRIANS. A city is held to a higher degree of diligence and knowledge concerning the condition of its sidewalks than an ordinary pedestrian; and although a pedestrian is required to exercise reasonable care for his own safety he may assume that the city has performed its duty, and he need not be constantly on the lookout for defects, the existence of which have not come to his notice.

*Appeal from Wapello District Court.*—HON. F. W. EICHELBERGER, Judge.

WEDNESDAY, OCTOBER, 19, 1910.

ACTION to recover damages for personal injury. Ver-

dict and judgment for plaintiff, and defendant appeals.—
*Affirmed.*

*Clyde G. Sparks* and *Gilmore & Moon,* for appellant.

*Cornell & Gillies* and *Jaques & Jaques,* for appellee.

WEAVER, J.—The plaintiff, having fallen and received bodily injury upon a sidewalk in the defendant city, brings this action to recover the damages so sustained. She charges the fact to be that the sidewalk, which was constructed of brick, was defective and dangerous by reason of a hole or depression in its surface which the defendant had negligently permitted to remain unrepaired for a considerable period of time, and that she without negligence upon her part stepped into said hole or depression, causing her to fall as above stated. The defendant denies the allegations of the petition, denies that it was in any manner negligent with respect to the walk, and avers that, if plaintiff was injured, it was occasioned by her own want of reasonable care. Plaintiff sues both in her own right and as assignee of her husband. There was a trial to a jury, and verdict for plaintiff in the sum of $550, and from the judgment rendered thereon the defendant appeals.

Counsel for appellant prefaces his argument with the statement that the appeal is based on the contention that a verdict should have been directed in favor of the city because of failure of evidence to sustain the charge of negligence, and to that question we shall confine our discussion. While there is some dispute as to its precise size, shape, and depth, it is shown beyond all reasonable doubt that there was a depressed place or hole in the walk, and that it was of such depth or extent that a person stepping into it unexpectedly was liable to fall or be thrown down. The proposition most relied on by appellant is that the defect

1. MUNICIPAL
CORPORATIONS:
sidewalk
accident:
negligence:
evidence.

was not "open, visible, and notorious" and had not existed such a length of time as to make the defendant chargeable with negligence in failing to discover and remedy it. The walk was twelve feet wide, constructed of brick, and except for the particular place in question appears to have been in good condition. The defect of which plaintiff complains was near the inner edge of the walk, opposite the door or steps of an adjacent building, from which plaintiff was coming when she fell. While it was not conceded by the appellant, there was evidence from which the jury could properly find that said defect had existed at least two weeks, and possibly more. One witness testified that she was present at the time of plaintiff's fall, and recognized the defective place as one into which she herself stepped and fell two weeks earlier. Another had seen it "ten days or two weeks" prior to the accident. Another had noticed an irregularity in the surface of the walk two months before. Other corroborating testimony was produced. On the part of defendant there was evidence tending to show repair of the walk at this point not long prior to the plaintiff's injury, and several witnesses who used the walk daily or frequently had never noticed anything wrong in its condition. It hardly seems necessary to say that under the well-settled law of this jurisdiction the question of defendant's negligence was for the jury to decide, and not for the court to dispose of as a matter of law. *Smith v. Des Moines,* 84 Iowa, 685; *Langhammer v. Manchester,* 99 Iowa, 295; *Hofacre v. Monticello,* 128 Iowa, 239; *Clark v. Cedar Rapids,* 129 Iowa, 358; *Bailey v. Centerville,* 108 Iowa, 20; *Brown v. Chillicothe,* 122 Iowa, 640; *Varnham v. Council Bluffs,* 52 Iowa, 698; *Hoover v. Mapleton,* 110 Iowa, 571; *Beaver v. Eagle Grove,* 116 Iowa, 485; *Padelford v. Eagle Grove,* 117 Iowa, 616.

Counsel call to our attention the case of *Cook v. Anamosa,* 66 Iowa, 427, and other cases, where language is used to the effect that to charge the municipality with

notice the defect must be "open, visible, and notorious,"
or must be such as to be "observable by
all" having occasion to use the walk.   The
expressions quoted by counsel are somewhat
sweeping generalizations, which must be
interpreted with some reference to the particular case or
class of cases which called them forth.   It certainly is
not true that the city is charged with no greater duty
or obligation to observe the condition of its walks, or
to know of the existence of dangerous defects therein,
than the ordinary citizen or traveler who has occasion to
use them.   On the contrary, these municipalities are under
some measure of active duty in the matter of inspection,
and of taking care to know that the streets, the care of
which is imposed upon them by statute, do not become
sources of danger to the traveling public.   The traveler
has the right to assume that the city has done its duty,
and while he is himself subject to the rule which requires
the exercise of reasonable care and watchfulness for his
own safety, he is not required at his peril and as a
matter of law to keep his eye glued to the sidewalk or
to constantly watch his footsteps to avoid stepping into
holes or depressions therein, the existence of which has
not come to his notice.   He has a right to assume that
the city has done its duty.   *Keyes v. Cedar Falls,* 107
Iowa, 509.   As described by the witnesses, the defect in
this particular instance was an open one, existing in the
surface of a walk upon one of the principal streets of
the city, and observable by all who might look in that
direction.   That all persons using the walk did not in
fact observe the hole is not a decisive test of its observa-
ble condition.   As we have already said, there was evidence
to sustain the fact that a defect existed, that it was of
an open and visible character, and that it had existed for
weeks, if not for months; and this in our judgment

2. SAME: repair
of walks:
duty of city:
rights of
pedestrians.

is sufficient to support a finding that appellant was negligent in failing to discover it and make proper repair.

Nor is there anything from which we can say as a matter of law that plaintiff was guilty of negligence. On the contrary, the evidence fairly tends to show that she was in the exercise of due care.

Some exceptions were taken to the rulings on the admission of evidence and to instructions given by the court. We have examined each, and find no prejudicial error.

The judgment of the district court is *affirmed*.