ALBERT RONEY, Appellee, v. CITY OF DES MOINES, Appellant.

**Municipal corporations:** SIDEWALKS: DEFECTIVE CONSTRUCTION: LIABILITY OF CITY. A city is liable to one injured by reason of the original defective construction of a sidewalk, although the walk may not have been constructed through its own agencies.

**Same:** CONSTRUCTION BY CITY: PRESUMPTION: NOTICE OF DEFECTS: EVIDENCE. There is a broad presumption that a walk constructed in a populous part of a city was either built by the city or that it assumed control thereof.

And it is only where a walk was properly constructed in the first instance and afterwards becomes out of repair and dangerous that notice of the defect to the city, actual or constructive, must be shown to sustain recovery for injuries by reason of the defect. In this action the evidence is held to justify a finding that the walk in question was originally constructed in a defective manner.

**Same:** DEFECTIVE WALKS: NOTICE: INSTRUCTIONS. A city acquires notice or knowledge of the condition of its walks through its officers or representatives; and where such officers or representatives as are charged with the duty of constructing and maintaining walks acquire notice of the improper construction or defective condition thereof such knowledge will be imputed to the city. The instruction in this case covering this question is held correct. It is also held that one of the instructions in this case was not erroneous because failing to confine the negligence to that charged in the petition, as other instructions limited plaintiff's right in this regard.

*Appeal from Polk District Court.*—HON. JAMES A. HOWE, Judge.

WEDNESDAY, MARCH 15, 1911.

ACTION at law to recover damages for personal injuries received by plaintiff while passing along and over a defective sidewalk in the city of Des Moines. Trial to a jury. Verdict and judgment for plaintiff in the sum of $4,567. Defendant appeals.—*Affirmed.*

*Robert O. Brennan, J. M. Parsons,* and *Dale & Harvison,* for appellant.

*Sullivan & Sullivan,* for appellee.

DEEMER, J.—The negligence charged against the city is as follows:

That during the month of May, 1909, and continuously for many months prior thereto, said defendant had negligently allowed to be created and exist a dangerous

place in said sidewalk, consisting of a defective covering to a manhole or coal chute, the said covering being constructed of iron, and fitting so improperly over said manhole or coal chute that whenever the same would be touched or stepped upon the same would tip up and strike the person or pedestrian touching it; that said defects arose from faulty original construction, and from failure to keep the same in proper repair; that said defendant and its officers and agents charged with the construction and maintenance of said walk had actual knowledge of its faulty construction and aforesaid dangerous condition at the time, and long prior to the happening of the injury herein complained of, and that said condition of said walk and covering of said manhole and coal chute had been known to the defendant and those charged with its maintenance and repair for such a length of time prior to said accident as that in the exercise of reasonable care and diligence they might have repaired the same; that among other things that the coal chute and manhole referred to in plaintiff's petition was originally negligently constructed, in this: that the iron covering, instead of being set upon an iron casement, which should be firmly set in the cement, was set directly upon a narrow rim of cement, which was neither strong nor durable, and that the same soon by use and the force of the elements crumbled off, and left the covering of said manhole or coal chute without support.

There was testimony in support of these allegations, although claim is made for defendant that there is no such testimony, and particular insistence is made upon the proposition that, conceding the walk to have become out of repair, there is no testimony that it knew or in the exercise of reasonable care should have known of the alleged defect arising after the construction of the walk and coal chute or coal hole. Upon this latter proposition the case is ruled by *Platts v. City of Ottumwa,* 136 Iowa, 221.. We need not set out the testimony on this point, for it is sufficient to say that there was enough of it to take the case to the jury. The principal points relied upon for a

reversal are alleged errors in the instructions given by the trial court. Practically each and every one is criticised, and it would seem from a reading of appellant's argument that the trial court had no conception of the case which was on trial before it.

An examination of the instructions shows, however, that as a rule they announce propositions of law which have long been settled and are well understood by the profession. The trial court gave the following, among other, instructions:

(5) You will determine whether the defendant was negligent, as charged by the plaintiff in his petition. The plaintiff charges in his petition that the defendant negligently constructed the sidewalk on the west side of West Third Street, a short distance south of Walnut Street, in this: That the iron covering thereof, instead of being placed upon a casement firmly set in cement, was set directly upon a narrow rim of cement, which had broken or crumbled off, leaving the cover of said manhole or coal chute without sufficient support, so that when plaintiff stepped thereon it gave way, turning with one edge up and the other down, precipitating plaintiff into said manhole or coal chute and upon the edge of said covering, thereby injuring plaintiff about the chest, stomach, limbs, and other parts of his body. It was the duty of the defendant in the construction and maintenance of the sidewalk and manhole or coal chute at the place in question to exercise ordinary care to provide against accidents to persons using the same, and a failure on its part to exercise such care, as charged by the plaintiff in his petition, would constitute negligence. In determining whether the defendant was negligent, you will consider the definitions of 'ordinary care' and 'negligence' elsewhere given you in these instructions; and you will consider, as shown by the evidence, the place where the accident is alleged to have occurred, and the surroundings thereabout; the character and condition of the sidewalk and manhole at said place; the manner of its construction and its condition at the time of the accident; the length of time said sidewalk and manhole had been in the condition they were at

the time the accident in question is alleged to have occurred; what the defendant knew, or in the exercise of ordinary care should have known, in relation thereto; what the defendant did, or in the exercise of ordinary care should have done, in relation thereto, together with any other facts or circumstances disclosed by the evidence showing, or tending to show, that the defendant was or was not negligent as charged by the plaintiff in his petition.

. (7) The defendant is a municipal corporation, and, as such, obtains notice and knowledge through its officers and representatives, and you are instructed that by negligence of said defendant, as used in these instructions, is meant the negligence of such officers or representatives of the defendant as were charged with the duty of constructing and maintaining the sidewalk at the time and place of the accident, or inspecting the same and keeping it in proper condition; that notice on the part of the defendant of improper construction or defective condition as alleged by the plaintiff means notice to the officers or representatives of the defendant charged with the duty of constructing and maintaining said sidewalk or inspecting the same and keeping it in proper condition; and that knowledge on the part of the defendant of said sidewalk or manhole being out of repair, as alleged by the plaintiff, means knowledge of the officers or representatives of the defendant charged with the duty of maintaining or inspecting the same and keeping it in proper condition.

(8) The plaintiff has offered and introduced evidence tending to show that the manhole or coal chute and covering thereon, at the place where the plaintiff alleges he was injured, was out of repair prior to the time of such accident, and the experience of other persons at said place shortly before the time the plaintiff alleges he was injured. In this connection you are instructed that such evidence may be considered by you as bearing upon, if it does bear upon, the question of notice to the defendant of the condition of said manhole or coal chute and covering thereon at the time plaintiff claims to have been injured, but you will not consider said evidence for any other purpose.

(9) If you find that the manhole or coal chute in the sidewalk at the place where plaintiff alleges he was in-

jured was at the time of the accident in the condition
stated by the plaintiff in his petition, then, before you
can find the defendant was negligent in leaving or permit-
ting the same to be or remain in such condition the plain-
tiff must prove by a preponderance of the evidence that
such condition had existed for such a length of time prior
to the accident in question as that the defendant in the
exercise of ordinary care should have known thereof long
enough before the time of the alleged accident to plain-
tiff to have removed or remedied such defects before the
time of such alleged accident.

The first proposition, that there was no testimony to
justify these instructions, has already been answered. It
may not be inappropriate to say in this connection, how-

1. MUNICIPAL
CORPORATIONS:
sidewalks:
defective con-
struction: li-
ability of
city.

ever, that defendant's counsel are relying
upon a very technical proposition, to wit,
that there is no testimony that defendant
constructed the walk or manhole and coal
chute. This perhaps is true, but it in no
manner changes the legal proposition upon which plaintiff
is relying, to wit, that, if the sidewalk as originally
constructed was defective and unsafe, the city would be
liable, although it had no knowledge of the defective con-
dition. That this is the rule for this state, although the
city may not have constructed the walk through its own
agencies, is well settled by our previous cases. See *Cramer
v. Burlington*, 39 Iowa, 512; *Cook v. Anamosa*, 66 Iowa,
427; *Evans v. Iowa City*, 125 Iowa, 202.

There is a very broad presumption where a walk
is shown to have been constructed in a city street and in
a populous part of the city, as this one was, that the city

2. SAME: con-
struction by
city: pre-
sumption:
notice of
defects:
evidence.

built or assumed control of the walk (*Shan-
non v. City*, 74 Iowa, 22), and no notice
to the city of the actual condition of such
a walk is necessary to be shown. If the
walk when constructed was in good con-
dition and afterward became dangerous or out of repair,

then notice to the city, actual or constructive, of such defective condition, must be shown. *Pace v. Webster City*, 138 Iowa, 107.

It was for the jury to say under the testimony adduced whether or not the walk with the coal chute was negligently constructed. The following is some of the testimony with reference to this matter:

I saw this walk when it was originally constructed. It had a kind of cement shoulder to rest upon; that is all. I presume the walk must be five or six inches thick, and this covering is about one-half inch thick and stuck up about one-sixteenth of an inch above the sidewalk. The shoulder was the full thickness of the sidewalk except the part taken for the iron cover, and it would be four or five inches thick. The shoulder had been broken off at different times by throwing in coal. . . . When the walk was built, it was built with a coal chute and no frame put on, no iron frame. I noticed it quite a few times that it was kind of loose. I knew this coal chute or hole was there before this accident for years. It has been there for years before he was hurt. This covering was sunk in the pavement maybe half an inch. The frame was sunk into the walk maybe half an inch. The lid was level with the walk. It was rounded over. There was a kind of a little shoulder around on the inside. It did not have an iron in which to set. . . The iron lid was resting right on the cement. The shoulder wasn't more than a quarter or a half inch wide, and once in a while I would see the lid away from it as much as a half an inch up on the sidewalk. I saw this a number of times before and after May 8, 1909. I could not tell you how many months before. . . . When you would step on either side, it would tip up, slip in the cement, because there was no rim in there. . . . The width of this shoulder was an inch or more, about an inch of the shoulder where it was not chipped. I guess the lid was about an inch thick. This slope was about an inch or so deep down to the shoulder. It was bigger than the lid, so as to leave it a little loose. . . The iron lid was resting right on the cement. The shoulder wasn't more than a quarter or half

inch wide and once in a while I would see the lid away from it as much as a half an inch upon the sidewalk. I saw this a number of times before and after May 8, 1909. I could not tell you how many months before.

From this a jury was justified in finding original faulty construction of the walk. *Stein v. City of Council Bluffs,* 72 Iowa, 180, is not in point.

II. Appellant contends that there is no charge in the petition of actual knowledge or notice on the part of the city of the defective walk and no claim of any

3. SAME: defective walks: notice: instructions.

other negligence than in the original construction thereof; but this is a manifest error, as a reading of the petition, from which we have already quoted, will demonstrate. The case in this respect is not ruled by *Edwards v. City,* 138 Iowa, 424, or any of the other cases cited for appellant.

III. It is said that the instructions are conflicting; but we do not so find them. The seventh is said to be erroneous. It has support in previous cases, and is not in conflict with *Edwards v. City,* 138 Iowa, 425. The eighth is complained of because it does not confine the negligence to that charged in the petition. But the complaint is without merit. Taken in connection with the other instructions, it is clear that the negligence was confined to that charged in the petition.

IV. Certain rulings on the admission and rejection of testimony are complained of, and it is also insisted that the court was in error in permitting plaintiff to withdraw certain testimony with reference to the condition of the walk and coal chute after plaintiff received his injuries. We have examined each and all of the rulings complained of, and find no error. The propositions presented contain nothing new or novel, and we shall not elaborate thereon. It is enough to say that we find no prejudicial error. No complaint is made in argument

of the size of the verdict, and, if there had been, we should not be disposed to interfere.

There is no error of which defendant may justly complain and the judgment must be, and it is, *affirmed*.