ANNA M. WALLACE, Appellee, v. CITY OF DES MOINES,
Appellant.

MUNICIPAL CORPORATIONS: Defects in Streets, Etc.—Degree of
Duty—Constructive Notice. A city is charged with a greater
duty to know the conditions of its streets than the citizen who
has occasion to use them. Evidence reviewed, and held to sup-
port a finding of constructive notice on the part of the city of
a defective catch basin cover.

*Appeal from Polk District Court.*—W. H. McHENRY, Judge.

NOVEMBER 17, 1917.

REHEARING DENIED FEBRUARY 15, 1918.

ACTION to recover damages because of plaintiff's fall-
ing into a catch basin, because of a defective cover thereon,
which turned edgewise and gave way when plaintiff stepped
upon it. Trial to a jury, and verdict and judgment for
plaintiff for $850. Defendant appeals.—*Affirmed.*

*H. W. Byers, Guy A. Miller,* and *Thomas Watters, Jr.,*
for appellant.

*J. Peasley,* and *McLaughlin, Shankland & Lappen,* for
appellee.

PRESTON, J.—It was alleged that the manhole lid, or
cover, was defective, in that it did not fit the groove for
which it was intended, but was too small, and tipped with
plaintiff; that the city had actual and constructive notice
of said conditions. The lid and groove were iron. It was
stipulated that the street, at the point in question, includ-
ing the catch basin, was owned, controlled, and maintained
by the city, and had been for two or three years prior to
the time of the plaintiff's injury.

Defendant introduced no evidence, except that of the

weather man to show conditions as to rain at the time plaintiff was hurt; so that there is substantially no dispute in the testimony. Plaintiff started to the corner stores at the intersection of the streets in question; the catch basin at the corner was in the parking at the corner of the curbing, and the prongs of it extended out into the street a few inches. Some mud had accumulated on the crossings from a rain the night before, and the plaintiff, to avoid wetting her feet, instead of using the crossing, approached the catch basin from the center of the intersection of the two streets, following a place that the water had washed clear, and stepped upon the lid of the catch basin.

The case was not submitted to the jury on the theory that the city had actual notice, but the court instructed as to constructive notice. But one question is presented, and that is as to the question of constructive notice. It is thought by appellant that the court erred in instructing the jury that, if it found that the defective or dangerous condition of the manhole had existed for such a length of time as that the city might have, in the exercise of reasonable care, discovered it, and had an opportunity to repair it, it should find for the plaintiff at this point. Defendant offered an instruction upon the same subject, to the effect that plaintiff could not recover unless it was shown that the defendant had actual knowledge of the alleged defect.

It is shown that the lid was loose, and lacked three fourths of an inch of fitting the groove, and that, when one stepped on the edge of it, it would tip, and turn edgewise; and one witness testifies that it had been so for about a year prior to the plaintiff's injury; that it slipped so much that he could see an opening down the catch basin big enough to put his foot through. Another witness says that it had been loose for two or three years prior to and up to the time of plaintiff's injury; that it did not fill the groove, and was not fastened. Another witness says that:

"The lid was very loose, and if anyone stepped on it, it would slide right off; I noticed it nearly two years before plaintiff's injury, and it was that way all summer and in the spring of 1915. I know it was in awful bad shape and did not fill the hole. You could see it was apt to slide if you stepped on it; I know it would slip around awful easy; we talked about it several times."

On cross-examination, the witness qualifies his statement somewhat, and says that it would require examination to determine the condition of the lid. It is shown that the catch basin was used and cleaned out by the city. One witness testifies that sometimes the catch basin got stopped up, and that he usually called up the department and had them clean it, if it got out of order. Doubtless it was placed there to be used by the city. There may be other evidence we have not referred to on this subject.

Appellant's contention is that the defect was not apparent to the ordinary observer, but required close investigation to discover that the lid did not fit the groove, and its condition was not known to the inhabitants of the city generally, and that, therefore, plaintiff was required to show actual knowledge on the part of the city, and cites *Cook v. City of Anamosa*, 66 Iowa 427, and some prior cases, to sustain their proposition. The *Cook* case is distinguished in *Ledgerwood v. City of Webster City*, 93 Iowa 726, 728. The rule under the later cases is not as broad as contended for by appellant. We said, in *Platts v. City of Ottumwa*, 148 Iowa 636, 639, referring to the *Cook* case:

"The expressions quoted by counsel are somewhat sweeping generalizations, which must be interpreted with some reference to the particular case or class of cases which called them forth. It certainly is not true that the city is charged with no greater duty or obligation to observe the condition of its walks, or to know of the existence of dangerous defects therein, than the ordinary citizen or traveler who

has occasion to use them. On the contrary, these municipalities are under some measure of active duty in the matter of inspection, and of taking care to know that the streets, the care of which is imposed upon them by statute, do not become sources of danger to the traveling public."

Some of the cases referred to, perhaps all of them, are sidewalk cases. The material composing the cover and groove of this manhole was, of course, not such as to decay, as a board walk would, and evidently the lid as it was when plaintiff was hurt, was as originally constructed, unless, as suggested by appellant in argument, someone may have, a year or two before this accident, replaced the original lid with the one which caused plaintiff's injury. But there is no evidence of this, nor do we find any evidence in the record as to how the hole was originally constructed, so that we need not speculate as to this matter.

We are of opinion that, under the evidence and the rule announced in the last cases, the evidence was sufficient to take the case to the jury on the question of constructive notice, and that the trial court did not err in instructing in reference thereto. It follows, then, that the judgment ought to be affirmed. It is—*Affirmed.*

GAYNOR, C. J., WEAVER and STEVENS, JJ., concur.