Effie Krska, Appellant, v. Incorporated Town of Pocahontas, Appellee.

**MUNICIPAL CORPORATIONS:** Streets, etc.—Notice of Defect—
1 **Negative Rule.** It is not true that a city or town can be held to know of a defect in a street only in those cases where the defect is so obvious or notorious as to be observed by all people.

**MUNICIPAL CORPORATIONS:** Streets, etc.—Rule of Care. Principle
2 reaffirmed that the obligation of a city or town to exercise reasonable diligence to maintain its streets in a reasonably safe condition extends, not merely to the surface of the walk, but to those things within its control which endanger the safety of people properly using the walk.

Headnote 1:  28 Cyc. pp. 1390, 1396.  Headnote 2:  28 Cyc. pp. 1341, 1366.

*Appeal from Pocahontas District Court.*—James DeLand, Judge.

April 7, 1925.

Rehearing Denied October 2; 1925.

Action for personal injury received by the giving way of a defective cover of a coalhole in a sidewalk. At the conclusion of all the evidence, the court directed a verdict for the defendant; and plaintiff appeals.—*Reversed and remanded.*

*Gilchrist & Gilchrist* and *Mitchell, Files & Mulholland,* for appellant.

*Ralston & Shaw* and *Kelleher & Mitchell,* for appellee.

*T. F. Lynch,* for William Shimon.

VERMILION, J.—The appellant was injured by the giving way of an iron trapdoor that covered an opening in a concrete sidewalk on one of the business streets of the appellee town. The opening was into an areaway beneath the sidewalk that was used as a coal bin, and was connected with the adjoining business house. When appellant, in passing along the sidewalk, stepped upon the door, it gave way, allowing her limbs and the lower part of her body to fall into the opening, resulting in her injury. The material negligence charged was in permitting the doors to become defective, dangerous, and out of repair; in failing to repair the cover and keep it in reasonably safe condition; in permitting the cover to become rusted and defective; and in failing to take such precautions as were reasonably necessary to make the sidewalk safe for public travel.

1. MUNICIPAL CORPORATIONS: streets, etc.: notice of defect: negative rule.

While there is some controversy as to the duty devolving on the officers of a municipality in respect to the safety of its sidewalks, the principal question is one of fact.

Without setting out the evidence in detail, we may say that there was testimony from which the jury might have found the following facts: The opening in the sidewalk was some 30 inches square. The cover consisted of an iron frame, resting on a projection in the concrete, to which two iron doors were fastened by hinges at their sides. The doors were each about 15 inches wide and 30 inches long, and when closed, covered the opening. When closed, the doors were supported by their hinges on one side, and by an angle or channel iron riveted to the sides of the frame, upon which the ends of the doors rested. At one time there had been an iron bar across the opening, that supported the doors in the center; but this had been removed. The hinges were upon the upper surface of the doors and frame, and were rusted. After the accident, the bolt in one hinge was found to be broken, and the other was broken where the bolt went through. It was a rusty break, and appeared to be partly old and partly new. The angle or channel iron that supported the ends of the doors was rusted, and the rivets were rusted off. It would appear that, when appellant stepped on the door, one of these angle irons gave way, allowing the door to go down; and that this broke the hinges. For some two months before

the accident, the doors had been "springy" when stepped on. The coalhole and cover were put in in 1917.

The pivotal question is whether the evidence was sufficient to take to the jury the question of appellee's constructive notice of the defective and unsafe condition of the trapdoors.

The rules of law applicable to the duty of a town or city with respect to the safety of its sidewalks are well settled. It is required to exercise reasonable diligence to maintain them

2. MUNICIPAL COR-PORATIONS: streets, etc.: rule of care.

in a reasonably safe condition; and this duty extends, not merely to the surface of the walk, but to those things within its control which endanger the safety of those properly using the walk. *Beazan v. Incorporated Town of Mason City,* 58 Iowa 233; *Bliven v. City of Sioux City,* 85 Iowa 346; *Wheeler v. City of Fort Dodge,* 131 Iowa 566; *Kiple v. Incorporated Town of Clermont,* 188 Iowa 248; *Spiker v. City of Ottumwa,* 193 Iowa 844.

The mere existence of a defect in a sidewalk that causes an injury is not alone sufficient to establish the liability of the municipality; but it must, in addition, either be shown that the city, through its officers, had actual knowledge of the defect, or that it had existed for such a length of time before the accident that, in the exercise of reasonable diligence, they ought to have known of it, a sufficient time before the accident to have permitted its repair, by the exercise of reasonable diligence. *Sikes v. Town of Manchester,* 59 Iowa 65; *Edwards v. City of Cedar Rapids,* 138 Iowa 421; *Cooper v. City of Oelwein,* 145 Iowa 181; *Parks v. City of Des Moines,* 195 Iowa 972.

Indeed, these rules are not questioned. The appellee contends, however, that, to charge the city with constructive notice of a defective condition, it must have been so obvious or notorious as to be observed by all. They refer to *Doulon v. City of Clinton,* 33 Iowa 397, *Cook v. City of Anamosa,* 66 Iowa 427, and other cases, as so holding. It has long been recognized by this court that these cases in that respect do not announce a correct rule of law, or correctly state the full duty of a city with respect to the safety of its sidewalks. In *Platts v. City of Ottumwa,* 148 Iowa 636, we said:

"It certainly is not true that the city is charged with no greater duty or obligation to observe the condition of its walks,

or to know of the existence of dangerous defects therein, than the ordinary citizen or traveler who has occasion to use them. On the contrary, these municipalities are under some measure of active duty in the matter of inspection, and of taking care to know that the streets, the care of which is imposed upon them by statute, do not become sources of danger to the traveling public.''

See, also, *Wallace v. City of Des Moines*, 182 Iowa 1099.

There was sufficient testimony to take to the jury the question whether the alleged defects were such, and had existed for such a length of time before the accident, as that the town should, in the exercise of reasonable diligence, have discovered them in time to have, by the exercise of reasonable diligence, caused them to have been repaired.

We do not understand counsel for appellant to insist in this court that the cover of the coalhole constituted a nuisance, although an allegation to that effect is found in the petition; and hence we give no consideration to that subject.

For the error in refusing to submit the case to the jury upon the question of negligence of the defendant town, the judgment is reversed.—*Reversed and remanded.*

FAVILLE, C. J., and STEVENS, ARTHUR, and DE GRAFF, JJ., concur.