LOUISE ARMSTRONG, Appellee, v. CITY OF DES MOINES, Appellant.

No. 46060.

712

NOVEMBER 17, 1942.

F. T. Van Liew, Bruce J. Flick, and Sol Glick, all of Des Moines, for appellant.

Gillespie & Gillespie, of Des Moines, for appellee.

MITCHELL, J.—Plaintiff, Louise Armstrong, commenced this action against the City of Des Moines, Iowa, and Board of Waterworks Trustees of the City of Des Moines, Iowa. She alleged that the City of Des Moines, Iowa, was acting as a municipal corporation; that there was a concrete sidewalk located in front of or to the north of the property locally known as 503 East Walnut Street; that the Board of Waterworks Trustees of the City of Des Moines, Iowa, was a corporation engaged in the sale and distribution of water and in its business constantly used manholes in which were located water pipes and water meters; that on the 25th day of May 1940, while plaintiff was walking with her daughter along the concrete sidewalk in front of 503 East Walnut Street, she stepped on a manhole cover; that it tipped up in a perpendicular position and she fell into the said manhole, resulting in personal injuries, for which she prayed judgment in the sum of $15,000. She alleged that the defendants were guilty of negligence in that the cast-iron lugs or locks on the underside of the said manhole cover had been broken

off and destroyed and as a result thereof the manhole cover was loose and uneven, and when stepped upon it would tip up in more or less of a perpendicular position, and that the said manhole cover had been maintained in an unsafe and dangerous condition for more than a year prior to May 25, 1940.

Separate answer was filed by the Board of Waterworks Trustees of the City of Des Moines in which it denied generally and specifically each and every allegation contained in the plaintiff's petition. The City of Des Moines filed a separate answer in which it denied each and every allegation contained in said petition except that it admitted it is a municipal corporation organized under the laws of the state of Iowa. Later, an amendment was filed to the petition, in which damages were sought also against Carl Pears, who was at that time the owner of the property locally known as 503 East Walnut Street. He also filed answer in which he denied each and every allegation of plaintiff's petition except that he admitted the City of Des Moines and the Board of Waterworks Trustees were corporations. Later, the plaintiff amended her petition, alleging that the City of Des Moines was negligent in failing to take care that the public sidewalk at the location of the manhole did not become in a defective and dangerous condition.

During the trial of the case the plaintiff dismissed without prejudice her cause of action against the defendants Carl Pears and the Board of Waterworks Trustees. Evidence was offered and the City of Des Moines, at the close of plaintiff's evidence, made a motion for directed verdict, which was overruled, and at the close of all the evidence the motion was renewed and again overruled. A verdict in the amount of $1,900 was rendered against the City of Des Moines. The City of Des Moines has appealed.

It is first argued that the lower court erred in refusing to grant the appellant a new trial upon its motion and its exceptions to instructions because the appellee failed to state or allege in her petition that a notice of claim was served upon the City of Des Moines within the time provided by law, and failed to make proof of service of said notice of the time, place, and circumstances of said injury within 60 days from May 25,

1940, said suit not being commenced until the 18th day of February 1941, and that the petition does not state facts sufficient to state a cause of action, and is defective in the following respects:

"a. That the plaintiff wholly failed to state or allege in her petition that a notice of claim was served upon the defendant, City of Des Moines, the record herein showing that this action was commenced more than three months after the occurrence of the alleged injuries to plaintiff and it therefore became a condition precedent to plaintiff's right of recovery to allege the service of a notice of claim within sixty days upon the City of Des Moines after the alleged injury, and further the record is void of any service or attempted service of any notice of claim upon the defendant within sixty days in order to entitle the plaintiff to start suit after three months and within two years."

The complaint against the ruling of the court is based upon the provisions of the statute contained in section 11007, subdivision 1, of the Code of 1939, which provides that notice of the time, place, and circumstances of the injury must be served upon the municipal corporation within 60 days from the happening of the injury, or suit must be commenced within three months. This record shows that at no time did the appellant plead or raise the statute of limitations before the trial court until the motion for a new trial was filed, and it is the contention of the appellee, and we think rightly so, that in failing to raise said bar of the statute of limitations as an issue in the case, appellant has waived the said defense. In the case of Belken v. City of Iowa Falls, 122 Iowa 430, 431, 98 N. W. 296, 297, this court said:

"* * * we may add that appellant is not in position, in any event, to object at this time to the sufficiency of the notice, or the fact of the service thereof. No such question was made in the trial court, and it cannot be raised here for the first time. The answer was a general denial. If defendant expected to rely upon the limitation statute, it should have pleaded the same. Not having done so, it must be held to have waived the benefit thereof."

In the case of Borghart v. City of Cedar Rapids, 126 Iowa 313, 317, 101 N. W. 1120, 1121, 68 L. R. A. 306, this court said:

"Appellant insists that inasmuch as the claim is for unliquidated damages, and was not filed with the clerk of defendant city within 30 days after the conveyance of the square, the cause of action is barred by the statute of limitations. See Kenyon v. City of Cedar Rapids, 124 Iowa, 195. This defense is an affirmative one, and, to be available, the facts constituting it must be pleaded. Harlin v. Stevenson, 30 Iowa, 371; Tredway v. McDonald, 51 Iowa, 663. By omitting to do so, the defense is deemed to have been waived. Robinson v. Allen, 37 Iowa, 27; Brush v. Peterson, 54 Iowa, 243; Welch v. McGrath, 59 Iowa, 519. See Reed v. City of Muscatine, 104 Iowa, 183. One of the grounds of the motion to direct verdict was the bar of the statute, and appellant argues that, as a motion is enumerated as a pleading in section 3557 of the Code, the bar of the statute of limitations was raised by the pleadings. That section has reference to written motions filed in making up the issues in the case. The bar of the statute must be made an issue, and it seems hardly necessary to say that a motion to direct a verdict is necessarily based on the issues as previously joined and the evidence adduced bearing thereon. By failing to make the statute of limitations an issue in the case, that defense was waived."

The plea of the statute of limitations is an affirmative defense and the burden of proof is upon the pleader. The City of Des Moines filed as its answer a general denial; it did not plead the statute of limitations. The city cannot now complain that its plea of the statute of limitations was ignored by the court when the city ignored said plea throughout the trial and until the filing of its motion for a new trial. There is no merit in its contention.

It is next argued that the lower court erred in admitting evidence of constructive notice of the condition of the manhole cover and in submitting said evidence to the jury, it being the contention of the appellant that there was no competent evidence that the city had constructive notice that the lugs or locks on the said manhole cover were destroyed as alleged

by the appellee. Throughout the long and very able argument by the city it is contended, time and again, that there was no evidence such as would give the city constructive notice of the alleged defects in the manhole. We turn to the record to ascertain the facts. The manhole cover was in the center of a cement sidewalk in front of a business building in the City of Des Moines. There was a metal collar cemented into the sidewalk and the manhole cover was placed down in the collar and held there by one-half-inch to three-fourths-inch flange around the inside of the collar. When the manhole cover rested on the flange, the top of the cover was about level with the top of the sidewalk. There were two openings or cuts through the flange.

These were there to let two lugs on the bottom of the cover drop down into the holes through the flange, and when the lid was turned around one of the lugs would engage in the side of the collar or flange. This locked the cover so that under those conditions it would not tip or come off. So that a better idea can be had of the manhole cover, we insert herewith a copy of Exhibit A, which is a photograph of the manhole, with the cover in position, taken sometime after the accident.

There is evidence that there was dirt on the inside of the flange so that the cover did not fit down even with the sidewalk. There is evidence—in fact, it is not denied—that one of the lugs had been broken off of the underside of the cover; that the lugs and the cover were all one piece of cast iron or metal and without the lugs it would be impossible to properly hold the cover in place. At least, there is evidence to that effect. There is evidence of a witness who had experience with broken parts of steel, cast iron, and scrap iron, that the break in the lug shows it had been broken off for over three years. There is evidence in the record that immediately after the accident a policeman of the City of Des Moines put the lid back and stepped on it and it flipped up or turned over. Witnesses testified that prior to the time Mrs. Armstrong was hurt, they saw pedestrians step on the manhole cover and it was loose and would flip up. George Cheffy, who was running a secondhand store in a building in front of the manhole, testified that the lug had been broken off for some time before the accident; that the manhole cover, if pushed down real hard, would turn over; that the manhole cover tipped, and after the accident the police officers tried to lock it and that they were not able to do so . It is true that other witnesses testified contrary to this, but there is no question in this record but that the appellee, walking along this sidewalk, as she had a right to do, stepped upon this manhole cover; that it flipped up in a perpendicular position and she fell into the manhole. The dispute in the evidence in regard to the length of time in which this defective condition prevailed makes it a question for the jury. In the case of Hearn v. City of Waterloo, 185 Iowa 995, 1000, 169 N. W. 392, 393, this court said:

"One of the grounds of the motion for a directed verdict was that the city had had no notice of the defective condition of the street. There was evidence to the effect that the hole had existed for the period of two weeks. This was sufficient evidence of constructive notice to go to the jury."

And in the case of Krska v. Incorporated Town of Pocahontas, 200 Iowa 594, 596, 203 N. W. 39, 41, this court said:

"The appellee contends, however, that, to charge the city with constructive notice of a defective condition, it must have been so obvious or notorious as to be observed by all. They refer to Doulon v. City of Clinton, 33 Iowa 397, Cook v. City of Anamosa, 66 Iowa 427, and other cases, as so holding. It has long been recognized by this court that these cases in that respect do not announce a correct rule of law, or correctly state the full duty of a city with respect to the safety of its sidewalks. In Platts v. City of Ottumwa, 148 Iowa 636, we said:

" 'It certainly is not true that the city is charged with no greater duty or obligation to observe the condition of its walks, or to know of the existence of dangerous defects therein, than the ordinary citizen or traveler who has occasion to use them. On the contrary, these municipalities are under some measure of active duty in the matter of inspection, and of taking care to know that the streets, the care of which is imposed upon them by statute, do not become sources of danger to the traveling public.' "

It is next contended that the court erred in giving instruction No. 8 in that it permitted the jury to consider evidence of notice to the City of Des Moines through police officers. Reading this instruction, we do not find that anywhere in it the court referred to a police officer and certainly there is nothing in it which would lead the jury to believe that notice to a policeman would be notice to the city. The objection is without merit.

The next error relied upon is that in instruction No. 6 the court told the jury the law did not require that the city should do more than to keep its sidewalks in a reasonably safe condition, and that from this statement the jury might readily have understood it to be the duty of the city to keep its side-

walks in a reasonably safe condition; that this was prejudicial and misleading because the law does not impose a duty upon the city to keep its streets and walks in a reasonably safe condition but the duty imposed is to exercise reasonable care to see that its streets are maintained in a reasonably safe condition. As we read the instruction, it states repeatedly that the duty of the city was to use ordinary care to keep its sidewalks in a reasonably safe condition.

This court said, in the case of Allen v. City of Fort Dodge, 183 Iowa 818, 826, 167 N. W. 577, 580:

"This instruction does not correctly state the law. It tells the jury that the city is not an insurer of the safety of those passing along or upon its streets or sidewalks, but that it is charged, under the law, with the duty of placing and maintaining its streets and sidewalks in a reasonably safe condition. The law does not impose a duty upon a city of keeping its streets and sidewalks in a reasonably safe condition, but does impose upon the city the duty of exercising reasonable care to see to it that its sidewalks are maintained in a reasonably safe condition. This, however, does not avail the defendant in this case, for the reason that the court, in the same instruction, told the jury, touching the duty of the city to keep its sidewalks in repair and in condition, that this duty was and should be determined and measured by the care exercised by reasonably prudent men under like circumstances and conditions, and said, practically, that the duty of the city was to exercise such care as reasonably prudent and careful persons would have exercised in the endeavor to make and maintain the walk in a reasonably safe condition."

While we believe that instruction No. 6 does not correctly state the law, it certainly is no more objectionable than the instruction given in the case of Allen v. Fort Dodge, supra, and in it the court states:

"Even though there may be a defect in the sidewalk, that alone would not be enough. It must be of such a character as, in view of its location and the use made of the walk, to attract the attention of the officers of the city and cause them, in the

exercise of the degree of caution an ordinarily prudent person would exercise under like circumstances and conditions, to anticipate danger therefrom to the pedestrians passing along the walk.''

The jury could not have been misled as to the duty of the city and the instruction as given does not constitute reversible error.

It is next argued that instruction No. 6 was erroneous in that there was no evidence of constructive notice. With this we cannot agree. There is the evidence of at least three witnesses concerning the defective condition of the manhole cover and the length of time which said defective condition had existed. Suffice it to say that this was ample to support a finding by the jury of constructive notice.

■ It is next argued that the court erred in the statement of the issues. In the amendment which the court permitted the appellee to file, she alleged:

''* * * that said manhole cover had been used and maintained by these defendants in such improper and unsafe condition for some time prior to the time of plaintiff's receiving her injuries thereby.''

This alleged negligence was denied by the city. The case was tried by the parties on the issue of whether the City of Des Moines was guilty in failing to exercise reasonable care to keep the sidewalk in a reasonably safe condition. The case having been tried on that theory, the city cannot now shift its position and say that the negligence charged was that of breaking off the lugs. The evidence brought out during the trial was such as to support the allegations of the appellee's petition as amended.

■ It is argued that the court erred in overruling appellant's motion for a directed verdict because the sole responsibility of the city is provided for in section 5945 of the Code of 1939 and is limited to the provision, ''and shall cause the same to be kept open and in repair and free from nuisances.'' Appellant argued there is no evidence that such manhole cover was not in such repair as to be safe when turned and locked with

one lug, or that the city had constructive notice that the lug or lock on the said manhole cover was destroyed or broken; that there was no evidence offered that there was such a defect in the manhole cover as to render it unsafe or unsecure. Again, the city is arguing that there is no evidence of a defective condition of this manhole cover. Yet, as we read the record, there is the evidence of at least three witnesses, evidence that shows that this lug or lock was broken from this manhole for a period of from six months to three years, and evidence of other parties that they walked over this manhole lid and that it tipped. Certainly, in the face of this evidence, it was a question for the jury and the court rightly submitted it.

Many other errors are argued. They all rely upon the contention of the city that there was no evidence of constructive notice. As we have stated, we do not agree with this contention. This manhole cover was a part of the sidewalk. It was not something separate and distinct from the sidewalk generally but was the sidewalk at that particular place. There is really only one question involved in the case at bar, to wit, was the evidence sufficient to require the submission to the jury of the question as to whether the City of Des Moines used ordinary care to maintain its sidewalk in a reasonably safe condition? Certainly there was evidence requiring the submission to the jury, and the jury found that the city was negligent.

Attack is made upon practically every instruction the court gave. We can find nothing in the instructions that would justify a reversal. The case was well tried and properly submitted to the jury. It necessarily follows that the verdict must stand, and it is—Affirmed.

All JUSTICES concur.