Sally L. SPECHTENHAUSER and John G. Spechtenhauser, Appellees,

v.

CITY OF DUBUQUE, Iowa, Appellant.

No. 85–273.

Supreme Court of Iowa.

July 23, 1986.

Barry A. Lindahl, Dubuque, for appellant.

Stephen W. Scott, of Kintzinger, Kintzinger, Van Etten, Setter & Scott, Dubuque, for appellees.

CARTER, Justice.

The defendant, City of Dubuque, appeals from the judgment entered on a jury verdict for the plaintiff in a sidewalk fall down case. It urges that reversible error was committed in the trial court's instructions to the jury with respect to the duty of a municipality to inspect sidewalks. The trial court's judgment was affirmed by an equally divided court of appeals, and we granted further review. We find no error in the trial court's denial of the city's exceptions to the jury instructions and therefore affirm the judgment.

Plaintiff, Sally Spechtenhauser, tripped and fell while walking on a sidewalk in the city of Dubuque on June 15, 1983. Evidence produced at trial would permit a finding that the cause of her tripping was an irregular slab of sidewalk sunken one to one and one-quarter inches below the level of the adjoining slab. Sally Spechtenhauser sought recovery in this action for personal injuries sustained in this fall. Her husband, plaintiff John Spechtenhauser, joined in the action, seeking recovery for loss of consortium. Plaintiffs allege that the city was negligent in (a) failing to care for, supervise, inspect and control the public sidewalk; (b) failing to maintain the public sidewalk in a safe condition; and (c) failing to repair the defective sidewalk at the place where Sally fell.

The city engineer testified at trial that the city did not undertake to regularly inspect any sidewalks other than those which were newly constructed or newly reconstructed. The sidewalk in question had not been inspected since its construction in 1973. It was the further testimony of the city engineer that the city gathered information concerning the condition of its sidewalks in three ways: from citizen complaints, from accident reports, and from chance observations made by city personnel while using the sidewalks.

The trial court, in Instruction No. 16, advised the jury that:

Plaintiff Sally L. Spechtenhauser asserts that the Defendant was negligent in the following particulars:

(1) In failing to inspect the sidewalk near the business known as Grandview Drug, at 486 North Grandview in Dubuque, Iowa;

(2) In failing to maintain the sidewalk in a safe condition;

(3) In failing to repair the sidewalk to a safe condition.

These particulars or specifications of negligence have been explained to you in other instructions.

To entitle the plaintiff Sally L. Spechtenhauser to recover, the burden is upon her to establish by a preponderance of the evidence all of the following propositions:

(a) That the Defendant was negligent in some particular, as charged by the Plaintiff;

(b) That such negligence was a proximate case of her injury or damage;

(c) That the Plaintiff has sustained damage and the extent thereof.

If Plaintiff Sally L. Spechtenhauser has established all of the foregoing propositions by a preponderance of the evidence, then she is entitled to recover in some amount, and you will then consider the Defendant's assertion of Plaintiff's negligence, in accordance with other instructions herein.

If Plaintiff Sally L. Spechtenhauser has failed to establish by a preponderance of the evidence any one or more of the foregoing propositions, then she cannot recover, and you will then answer the issues in a special verdict, submitted with these instructions accordingly.

Further amplification with respect to a municipality's duty to inspect sidewalks was contained in Instruction No. 15 which was given to the jury in the following form:

The law of Iowa provides that a city is responsible for the care, supervision and control of public grounds, streets and sidewalks; and shall keep all public ways, squares and commons in repair.

The City of Dubuque is responsible for the inspection, repair and maintenance of its sidewalks, including the area where plaintiff claims to have fallen. This imposes upon the city the duty to exercise reasonable and ordinary care to keep its sidewalks in a reasonably safe condition for the use of pedestrians, free from such defects as it should anticipate are likely to result in injury to pedestrians.

In determining whether a condition of the sidewalk has such a defect, the character and location of the condition as well as the use made of the sidewalk at that location, should be considered.

This duty does not make the city the insurer of safety against all accidents that occur on its public sidewalks. The city is responsible when it fails to use ordinary care, as stated above. It must have actual notice of the defect or the defective condition must have existed for a sufficient time to enable the city to discover and repair the defect in the exercise of reasonable and ordinary care.

Regarding the city's duty to inspect, you are instructed that it is the duty of a municipality to exercise reasonable care to know whether the areas it is responsible for are in a safe condition. No ironclad rule can be laid down with respect to when the municipality has satisfied its duty under this requirement.

The city took timely exception to this instruction at trial. This exception was stated as follows: "The clear implication [of Instruction No. 15] is that the city has some affirmative duty to make inspections on some—with some degree of regularity, and I don't think that is the law, and I don't think we are required—I don't think we have a specific duty to inspect."

In seeking reversal of the judgment against it, the city urges that "inadequate inspection or failure to discover a defect is not a separate ground of liability but only bears on proof of constructive notice." From this premise, it urges that the language of Instruction No. 15, suggesting that the city has an affirmative duty of inspection, and the provisions of Instruction No. 16, permitting the jury to base a finding of negligence on a failure to inspect, renders these instructions fatally defective. The crux of the city's argument appears to be that, while it may be held liable if injuries do occur as a result of defects in its sidewalks, it has no affirmative obligation to prevent such injuries from happening. We cannot accept this contention in view of the fact that side-

walks are a portion of the city street reserved for pedestrian traffic for which the city bears a responsibility of care, supervision, and control.

At the time of the incident involved in the present action, the applicable statute governing a city's responsibility for sidewalks was Iowa Code section 364.12(2) (1983), which provided:

A city is responsible for the care, supervision, and control of public grounds, streets, sidewalks, alleys, bridges, culverts, overpasses, underpasses, grade crossing separations and approaches, except those lawfully required to be maintained by a railway company, and the city shall keep all public ways, squares, and commons open, in repair, and free from nuisance....

The language of this statute had been essentially unchanged since the adoption of section 1097 of the Iowa Code Revision of 1860. *See, e.g.,* Iowa Code § 527 (1873); Iowa Code § 5945 (1939); Iowa Code § 389.12 (1966). [The statute has been amended since the occurrence from which this case arose, but that amendment has no bearing on this case. *See* 1984 Iowa Acts ch. 1002, § 1 (codified at Iowa Code § 364.-12(2) (1985)].

We believe that the provisions of this statute which mandate supervision of municipal sidewalks necessarily imply that there will be some continuing oversight by the municipality with respect to the condition of these public walkways. Several of our prior decisions support the view that municipal corporations bear an active obligation with respect to sidewalk inspection. *See, e.g., Armstrong v. City of Des Moines,* 232 Iowa 711, 718, 6 N.W.2d 287, 291 (1942); *Krska v. Incorporated Town of Pocahontas,* 200 Iowa 594, 597, 203 N.W. 39, 41 (1925); *Platts v. City of Ottumwa,* 148 Iowa 636, 639, 127 N.W. 990, 990–91 (1910). In *Platts,* we stated:

It certainly is not true that the city is charged with no greater duty or obligation to observe the condition of its walks, or to know of the existence of dangerous defects therein, than the ordinary citizen or traveler who has occasion to use them. On the contrary, *these municipalities are under some measure of active duty in the matter of inspection,* and of taking care to know that the streets, the care of which is imposed upon them by statute, do not become sources of danger to the traveling public.

*Platts,* 148 Iowa at 639, 127 N.W. at 990–91 (emphasis added).

We do not share the city's concern as to whether the extent of the duty imposed by these decisions places an unreasonable burden on local authorities. The city's obligation is, as the trial court's instruction correctly denotes, only commensurate with the requirements of reasonable care under the circumstances. On this point, we are in agreement with the considered comments found in E. McQuillin, *The Law of Municipal Corporations* § 54.15a (3d ed. rev. 1985):

Municipalities are under some measure of active duty in the matter of inspection and of taking care to know that the streets, the care of which is imposed upon them by statute, do not become sources of danger to the traveling public. The question is whether ordinary care, under the circumstances of the particular case, requires the municipality to inspect, and if so how extensive must the inspection be? As to this matter, the courts are not entirely in harmony and it is difficult, if not impossible, to say to what extent and when it is the duty of a municipality to look for defects. Conditions are likely to be so different in relation to different walks, or different portions of the same walk, and so many contingencies are likely to arise, that it can be determined only from the situation and circumstances of each case whether reasonable care has been exercised in the premises.

*Id.* (footnotes omitted).

There may be some instances in sidewalk fall down cases where negligence claims involving failure to maintain sidewalks in a safe condition, failure to repair defective

sidewalks, and failure to inspect sidewalks may all be subsumed within a single specification of negligence. In such instances, the act of instructing on each as a separate ground of recovery may tend to overly emphasize the plaintiff's theory of the case. In other contexts, we have disapproved of jury instructions which do this. *See, e.g., Childers v. McGee*, 306 N.W.2d 778, 780–81 (Iowa 1981); *Mundy v. Warren*, 268 N.W.2d 213, 217 (Iowa 1978). In the present case, however, the city did not object to the trial court's instructions on this ground and therefore has not preserved a claim under this theory.

The exception taken by the city to the trial court's instructions was limited to the contention that it had no affirmative duty of inspection. For reasons which we have stated, this suggestion is not legally sustainable. The exception was therefore properly overruled by the trial court. We have considered all arguments presented and find no basis for reversing the judgment.

DECISION OF COURT OF APPEALS AND JUDGMENT OF DISTRICT COURT AFFIRMED.

All justices concur except WOLLE, HARRIS, and McGIVERIN, JJ., who dissent.

WOLLE, Justice (dissenting).

I dissent because the trial court's instructions, read together, overstated the defendant city's duty of inspection and oversimplified the elements of a cause of action for breach of a city's statutory responsibility "for the care, supervision, and control" of sidewalks and other public grounds. Iowa Code § 364.12(2) (1983).

Neither the controlling statute, which the majority opinion quotes, nor its referenced predecessors have ever described a city's duty as one of "inspection." The active inspection duty referred to in our cases has never been held to be coequal with, or somehow independent of, the duty explicitly described in the statute. To the contrary, our sidewalk cases have explained that the city's failure to inspect is only one factor for the jury to consider when deciding whether a city has exercised reasonable care in performing its duty for the "care, supervision and control" of its sidewalks. *See Beach v. City of Des Moines*, 238 Iowa 312, 342, 26 N.W.2d 81, 96 (1947); *Krska v. Incorporated Town of Pocahontas*, 200 Iowa at 596–97, 203 N.W. at 41; *Geer v. City of Des Moines*, 183 Iowa 837, 841–42, 167 N.W. 635, 637 (1918).

Once a city sidewalk has been properly constructed or reconstructed, the city's liability for its defective condition must be predicated on a showing that the city had either actual notice of the defect or constructive notice. *Roney v. City of Des Moines*, 150 Iowa 447, 452–53, 130 N.W. 396, 398 (1911). Constructive notice can be demonstrated by proof that the defect had continued for a sufficient length of time to confer knowledge and permit repair. *Jeffers v. Sioux City*, 221 Iowa 236, 239–40, 265 N.W. 521, 523–24 (1936). The length of time sufficient to constitute constructive notice to the city of a dangerous condition in the sidewalk depends on the facts and circumstances of each case. *Hovden v. City of Decorah*, 261 Iowa 624, 627, 155 N.W.2d 534, 536 (1968). Therefore, the failure of the city to inspect, in and of itself, is not dispositive of the issue of negligence. Inspection is not the equivalent of supervision, nor is a failure to inspect sidewalks negligence in and of itself.

Viewed in that light, challenged instructions fifteen (which in part defined the duty to inspect) and sixteen (the marshaling instruction) were incorrect. The second paragraph of instruction fifteen imposed upon the city an explicit responsibility "for the *inspection*, repair and maintenance of its sidewalks, including the area where plaintiff claims to have fallen." (Emphasis added.) The last paragraph of instruction fifteen went even further by stating that the city had a duty "to exercise reasonable care to *know* whether the areas it is responsible for are in a safe condition." (Emphasis added.)

Perhaps that erroneous description of the city's duty, replacing the correct duty

of "care, supervision, and control" with an overemphasized duty of "inspection," would have constituted harmless error if the marshaling instruction, instruction sixteen, had used only the statutory language. The trial court might correctly have adopted the express language of the statute in its charging instruction with the following first sentence:

> Plaintiff Sally L. Spechtenhauser asserts that the defendant was negligent in failing to perform its duty to provide reasonable care, supervision, and control of the sidewalk near Grandview Drug in Dubuque, Iowa, where she fell.

Such an instruction would correctly have stated the complete duty of the city, breach of which would constitute actionable negligence.

But the critical marshaling instruction setting forth the elements of plaintiffs' action compounded the problem of instruction fifteen by identifying as one specification of negligence the plaintiffs' allegation that the city had failed to "inspect" the sidewalk. Under this marshaling instruction, the plaintiffs were entitled to recover by proving simply that the city did not affirmatively inspect this particular sidewalk and that the failure to inspect, in and of itself, proximately caused plaintiffs' injury and damages. The city conceded it had no city-wide affirmative inspection program and did not know the condition of this sidewalk; consequently, these incorrect instructions essentially stripped the city of any defense on the issue of liability.

The city appropriately used a shotgun, not a rifle, in objecting to the trial court's instructions, pointing out that a city has no affirmative duty to plan and carry out an inspection of its existing sidewalks. I believe that objection should have been sustained and the instructions drafted accordingly.

I would therefore reverse the district court judgment and remand for a new trial.

HARRIS and McGIVERIN, JJ., join this dissent.